**Helen M. SAMMARCO, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–200.

United States Court of Veterans Appeals.

Submitted Sept. 7, 1990.

Decided Jan. 10, 1991.

Ronald L. Smith, Washington, D.C., was on the brief for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and R. Randall Campbell, Washington, D.C., were on the brief for appellee.

Before KRAMER, MANKIN and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

Appellant, widow of a veteran (Widow), appeals from a December 27, 1989, Board of Veterans' Appeals' (BVA or Board) decision which determined that her deceased husband's fatal heart disease was not service-connected. She had sought dependency and indemnity compensation under 38 U.S.C. § 410 (1988). We remand in light of *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990).

Because of our determination that the BVA decision is inadequate under *Gilbert,* we do not address appellant's underlying claim for benefits or her contention that the "benefit of the doubt" standard in 38 U.S.C. § 3007(b) (1988) should have been invoked.

This Court has jurisdiction by virtue of 38 U.S.C. § 4052 (1988).

*Facts*

Mr. Sammarco was granted a discharge in 1946. R. at 1. In October 1948, a Veterans' Administration (VA) rating board awarded him disability compensation, retroactive to January 1948, for a ten-percent disability due to a "nervous heart condition." R. at 43. Five years later, in 1953, even though he was diagnosed, upon a VA examination, as having "minimal tortuosity

(twisting) of the aorta" (R. at 54), "[n]o evidence of organic heart disease" was found. R. at 59. Further VA examinations, 1962 and 1963, resulted in a diagnosis that he had hypertension. R. at 60, 74. In April 1964, a VA rating board granted him a ten-percent rating for psychoneurosis, anxiety reaction, and neurocirculatory asthenia with tachycardia, retroactive to January 1948, with an additional ten-percent rating for varicose veins, retroactive to May 1963; it denied his request for compensation based upon hypertension. R. at 79. No appeal was taken.

Mr. Sammarco died in December of 1987 at 73 years of age. The cause of death was recorded on the death certificate as "cardiogenic shock, due to or as a consequence of myocardial infarction, due to or as a consequence of atherosclerotic heart disease." R. at 99.

The dispute in this case stems from the fact that, according to the BVA, while in service Mr. Sammarco was reported to have had tachycardia. *Clemente T. Sammarco,* loc. no. 935050, at 2 (BVA Dec. 27, 1989). Appellant's basic contention is that Mr. Sammarco's tachycardia was a symptom of the heart disease which ultimately caused his death. Br. at 3, 5. Appellee argues that Mr. Sammarco's tachycardia was caused by anxiety neurosis and was not a symptom of heart disease. Br. at 14–15. Appellee further contends that even if tachycardia evidenced heart disease, Mr. Sammarco's death was caused by hardening of the arteries as distinct from heart disease. Br. at 15. The BVA found that at the time of Mr. Sammarco's death ten-percent ratings for "service connection [were] in effect for psychoneurosis, anxiety reaction (formerly diagnosed as neurocirculatory asthenia with tachycardia), and for bilateral varicose veins...." *Clemente T. Sammarco,* loc. no. 935050, at 5–6 (BVA Dec. 27, 1989).

## ANALYSIS

Appellant contends that the BVA decision must be remanded because the BVA failed to satisfy the requirements of 38 U.S.C. § 4004(d)(1) (1988). We agree. "[S]trict adherence by the Board to the requirements of 38 U.S.C. § 4004(d)(1) is required." *Gilbert v. Derwinski,* 1 Vet. App. 49, 59 (1990). Under 38 U.S.C. § 4004(d) (1988) the BVA is required to provide in its decision "reasons or bases" for its findings of material fact and conclusions of law. This is especially necessary for conclusions of a scientific or medical nature. *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990). Integrated with the "reasons or bases" requirement of § 4004(d)(1) is the requirement that the BVA decision include "a written statement of the Board's findings and conclusions ... on *all material issues* of fact and law presented on the record...." § 4004(d)(1) (emphasis added). Material issues of fact are those issues upon which the outcome of the case depends. *Gilbert v. Derwinski,* 1 Vet.App. 49, 50–51 (1990). Since material issues of fact are not addressed in the Findings of Fact other than in global terms the BVA decision fails to satisfy the obligation to provide "findings ... on all material issues." § 4004(d)(1).

The BVA decision of December 27, 1989, contains four findings of fact, only two of which address disputed issues, and two conclusions of law. The findings and conclusions are not explained or supported by "reasons or bases", and the appellant's contentions are not directly addressed. Only findings number three and four of the BVA's Findings of Fact in this case address disputed issues. Finding number three declares simply:

> There is no direct cause-and-effect or etiological relationship between the veteran's service-connected disabilities and the fatal heart disease.

*Clemente T. Sammarco* at 6. Given that this determination is decisive of the entire case, a reasoned discussion of how this determination was reached is obviously required. The relevant portion of the decision entitled "Discussion and Evaluation" merely restates this finding. In light of appellant's contention that tachycardia was a symptom of heart disease and that it was

supported by some evidence, finding number three fails on two counts: it fails to explain how the determination was reached, and it fails to address the Widow's contention. Finding number four is similarly unhelpful:

> The veteran's service-connected disabilities did not contribute substantially in causing the veteran's death.

*Id.* Again no elaboration or analysis is provided. We are not able to understand what the BVA found regarding whether Mr. Sammarco had tachycardia at the time of his death.

Appellee concedes *arguendo* that the BVA decision is inadequate by arguing that the rule of prejudicial error is applicable. Br. at 15–18. Appellee cites 38 U.S.C. § 4061(b) (1988) which directs this Court to "take due account of the rule of prejudicial error." Because of the BVA's complete lack of reasoned analysis, we cannot say the error was not prejudicial. The accepted rule under Fed.R.Civ.P. 52, the Rule of Civil Procedure analogous to § 4004(d)(1), is that "[w]here the trial court fails to make findings, or to find on a material issue, and an appeal is taken, the appellate court will *normally vacate* the judgment and remand the action for appropriate findings to be made." 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 52.06[2] (2d ed. 1982), *cited with approval in Pullman–Standard v. Swint,* 456 U.S. 273, 292 n. 22, 102 S.Ct. 1781, 1792 n. 22, 72 L.Ed.2d 66 (1982) (emphasis added).

Though we have already said that the BVA decision in this case fails to satisfy the requirement that the Board provide findings on all material issues, the reasoning of ¶ 52.06[2] applies with equal force to the requirement that the Board provide "reasons or bases" for its findings and conclusions. The requirement to provide "reasons or bases" has traditionally been considered to be a part of the requirement to make findings under Fed.R.Civ.P. 52. "A trial court must include as many of the subsidiary facts as necessary to permit us to 'determine the steps by which [it] reached its ultimate conclusion on each fac-

tual issue.'" *Snyder v. United States,* 674 F.2d 1359, 1363 (10th Cir.1982) (quoting 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2579 at 710 (1971)). "Where the trial court provides only conclusory findings, unsupported by subsidiary findings or by an explication of the court's reasoning with respect to the relevant facts, a reviewing court simply is unable to determine whether or not those findings are clearly erroneous." *Lyles v. United States,* 759 F.2d 941, 944 (D.C.Cir. 1985). "[T]here must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion." *Kelley v. Everglades Drainage Dist.,* 319 U.S. 415, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485 (1943).

■ The Secretary correctly points out that the "Court of Veterans Appeals sits to review 'decisions,' 38 U.S.C. § 4052(a), not the form of expression of the Board's views." Br. at 17. Nevertheless, the BVA's decision must express findings with sufficient detail and clarity to achieve two critical purposes: to inform the claimant and to make meaningful review by this Court possible. We assume that the BVA decision of December 27, 1989, which predated *Gilbert,* simply reflects the lack of guidance provided by this Court prior to issuance of the *Gilbert* opinion.

As emphasized in *Gilbert v. Derwinski,* 1 Vet.App. 49, 56–57 (1990), the legislative history of § 4004(d)(1) makes clear that the "reasons or bases" requirement is designed to provide "a decisional document ... that will enable a claimant to understand, not only the Board's decision but also the precise bases for that decision ... and also ... the Board's response to the various arguments advanced by the claimant ... [and that] the decisional document should assist the reviewing court to understand and evaluate the VA adjudication action." S.Rep. No. 418, 100th Cong., 2d Sess. 38 (1988).

■ Whether the BVA's ultimate conclusions are correct or not, we hold that the incomplete nature of the decision below does not permit proper review by this

Court. We, therefore, remand with instructions to the BVA "to comply promptly with the requirement of 38 U.S.C. § 4004(d)(1) that its findings and conclusions be accompanied by 'reasons or bases' adequate to explain both to the [Widow] and to this Court its factual findings and its conclusion that the veteran is not entitled to the 'benefit of the doubt' under 38 U.S.C. § 3007(b)" and "to identify those findings it deems crucial to its decision and account for the evidence which it finds to be persuasive or unpersuasive." *Gilbert v. Derwinski*, 1 Vet.App. at 57, 58–59 (1990). The forthcoming BVA decision should contain discrete and concise reasoned findings of fact and conclusions of law which specifically address the issues which were presented for the BVA's consideration, including whether the veteran had service connected tachycardia.

*Remanded.*