**Gregory W. OHLAND, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–251.**

United States Court of Veterans Appeals.

Submitted Nov. 6, 1990.

Decided Feb. 25, 1991.

Edward J. Kowalczyk (non-attorney practitioner) was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and R. Randall Campbell were on the brief, Washington, D.C., for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and STEINBERG, Associate Judges.

STEINBERG, Associate Judge:

This case involves an appeal by a Vietnam veteran from a Board of Veterans' Appeals (BVA or Board) decision that upheld a 10–percent disability rating by the

Veterans' Administration (now the Department of Veterans Affairs) (VA) for post-traumatic stress disorder (PTSD) with alcoholism and a VA determination that he was not individually unemployable as a result of service-connected disorders for purposes of assigning him a total disability rating. *Gregory W. Ohland,* loc. no. 933348 (BVA Dec. 4, 1989). We remand the matter to the BVA for it to reconsider the case and to comply promptly with the requirement of 38 U.S.C. § 4004(d)(1) (1988) that its decisions include reasons or bases adequate to explain to both the veteran and the Court its findings of fact and conclusions of law.

## I. BACKGROUND

Mr. Gregory W. Ohland served in the U.S. Navy on an aircraft carrier off the coast of Vietnam between July 1968 and April 1970. Although he was not wounded, he stated in May 1988 to a VA physician at the Fort Harrison, Montana, VA Medical and Regional Office Center (VAMROC), that he had faced life-threatening situations on several occasions and been aware that three men on his carrier were killed.

The appellant, in an undated letter to the BVA, claims to have been diagnosed as "manic depressive, because of PTSD" sometime "about 1979 or 1978", when he says he "spent two years in the V.A. in Sheridan, Wyo." R. at 46. This hospitalization is not documented in the record on appeal. He was apparently awarded disability compensation at a 10–percent rate for "PTSD with [a]lcoholism", effective March 1, 1983. R. at 17. In June 1986, his benefits were terminated because his "whereabouts were unknown". R. at 19.

In the May 1988 examination by that VA physician which appeared to have been a routine disability evaluation, the veteran wrote under "complaints": "post traumatic stress disorder, manic depressi[on], alcoholism, agent orange, headach[e]s, severe nerverous [sic], and looses [sic] memory often". R. at 10. He told the physician that "he ha[d] been treated for alcoholism, depression, [and] PTSD in VA hospitals at different times from 1970 to 1984 and

1985." R. at 14. He also mentioned that he had "flashbacks—the last one two years ago" which resulted in a four- or five-day hospitalization. R. at 15. The examining physician concluded that there was "some depression" as well as a "history of alcoholism" and that the prognosis for these conditions "[wa]s guarded". *Ibid.* He also found "moderate social and industrial impairment for the depression and stress condition, but no impairment from the alcoholism." R. at 16.

A July 6, 1988, rating decision, by the Fort Harrison VAMROC, reinstated his 10–percent award effective June 1, 1986, and found that a change in the rating was not warranted and that the "evidence does not establish disabilities of sufficient severity to prevent substantially gainful employment." R. at 19.

The veteran responded by asking for a review of his PTSD disability rating based on a "28 day SATU [substance abuse treatment unit] hospitalization at VAMC, Ft. Harrison" from May to August 1988. R. at 23, 27. The diagnosis from that hospitalization was "[a]cute and chronic alcoholism, continuous" as well as "[p]robable post-traumatic stress disorder". R. at 27. On October 31, 1988, the VAMROC wrote the veteran that he "may be entitled to compensation at the 100% rate if [he is] unable to secure and follow a substantially gainful occupation because of [his] service-connected disabilities." R. at 25. The letter also stated the following as the criteria for a finding of unemployability:

By VA law, total disability will be considered to exist when a physical or mental condition is severe enough to make the average person unable to follow gainful employment. We cannot consider the problem that age poses in obtaining employment. Only the symptoms of the service-incurred disability (as they would affect the average person's unemployability) can be considered.

If a veteran has other *non*-service-connected disabilities in addition to a service-connected disability, we must determine whether the veteran's service-connected disability, *by itself,* would cause the average person to be unemployable.

The service-connected disabilities must be shown to be the *SOLE* reason for unemployability.

R. at 25 (emphasis in original).

A November 15, 1988, Regional Office (RO) rating decision temporarily awarded the appellant a 100–percent rating, effective June 5, 1988, pursuant to a VA regulation (38 C.F.R. § 4.29 (1990)) that provides for a temporary total disability rating during a period of VA hospitalization in excess of 21 days for a service-connected disability. (The disability rating returned to 10 percent on July 1, 1988, following his discharge from the hospital where he was treated for his alcoholism.) That rating decision concluded that there was no "Individual Unemployability" since "the evidence d[id] not show that his SC [service-connected] disability preclude[d] employment." R. at 29–30.

On December 30, 1988, the VAMROC received a Notice of Disagreement from the veteran. The VA responded by forwarding to him on January 23, 1989, the required Statement of the Case. It described the preclusion of the consideration of age in determining service-connected disability and unemployability, as well as various aspects of evaluating psychoneurotic disorders, as governed by 38 C.F.R. §§ 4.19 and 4.132 (1990).

In support of his substantive appeal to the BVA, the veteran and his wife forwarded unsworn statements to the Board. Mrs. Ohland's January 24, 1989, letter refers to her husband's numerous psychological problems and a pattern of anti-social behavior and concludes that "it [is] hard to believe he could ever hold down a job." R. at 43–44. The veteran's letter contained a lengthy history of his difficulties and asserted: "Since discharge I do not have any respect for police or any other authority figure." R. at 46. He also stated that he was unable to get along with co-workers and, consequently, had not worked since 1974.

The appellant requests a remand of his case on the theory that he "was not afforded due process of law" since he "was not furnished [in VA's Statement of the Case]

with a summary of the applicable law and regulations, with appropriate citations regarding the issue of ... individual unemployability." Br. at 4–5, 7. He contends that the Statement of the Case "should be complete enough [as required by 38 C.F.R. § 19.120(a) (1990)] to allow [him] to present written and/or oral arguments" before the BVA. Br. at 6. Without this information, he contends, he "was not able to bring forth any argument or challenge to the applicable law and regulations". Br. at 5–6. He further maintains that under 38 C.F.R. § 19.182(a) (1990) the BVA is required to remand a case to the regional office when a procedural defect needs correction.

The Secretary concedes that the Statement of the Case was technically deficient, but claims that this was not "prejudicial error" since correspondence from VA had apprised the veteran of the essence of the regulations and the types of evidence needed to sustain his claim for individual unemployability. Br. of Appellee at 18.

## II. ANALYSIS

■ In order to enable a claimant to understand a BVA decision and the reasons behind it, including "the precise bases for that decision [and] the Board's response to the various arguments advanced by the claimant" (*Gilbert v. Derwinski*, 1 Vet. App. 49, 56–57 (1990)), as well as to assist in judicial review, the BVA is required by 38 U.S.C. § 4004(d)(1) (1988) to include in its decisions a written statement of the Board's findings and conclusions and the "reasons or bases" for those findings and conclusions. *Gilbert*, 1 Vet.App. at 57; *Sammarco v. Derwinski*, 1 Vet.App. 111, 114 (1991). "[T]he Board must identify those findings it deems crucial to its decision and account for the evidence which it finds to be persuasive or unpersuasive." *Ibid.*

■ The BVA decision here includes neither an analysis of the credibility or probative value of the evidence submitted by or on behalf of the veteran in support of his claim nor any explanation of the Board's

conclusion that he is not unemployable according to VA regulations.

First, the Board failed to express the "reasons or bases" for its assessment of the lay evidence from the appellant and his wife. In *Gilbert,* we remanded the case in part because the BVA decision contained "neither an analysis of the credibility or probative value of the evidence submitted by or on behalf of the veteran in support of his claim nor a statement of the reasons or bases for the implicit rejection of this evidence by the Board." *Gilbert,* 1 Vet.App. at 59. That same deficiency is present here.

Second, the Rating Schedule regarding PTSD provides as follows as to the degree of incapacity or impairment: "total ..."—100–percent; "severe"—70–percent; "considerable"—50–percent; "definite"—30–percent; and "mild"—10–percent. 38 C.F.R. § 4.132, Diagnostic Code 9411 (1990). 'Moderate', the descriptive word used by the VA examining physician in his May 1988 evaluation, is not mentioned. The Board's decision was deficient in failing to explain the criteria it used in making its determination about the category into which the examining physician's classification fit.

Third, the schedular ratings for PTSD do not have a classification for PTSD in association with alcoholism, the rating given the appellant here. *See* 38 C.F.R. § 4.132, Diagnostic Code 9411 (1990). In contrast, the regulations do include "Dementia associated with alcoholism" as Psychotic Disorder 9303. 38 C.F.R. § 4.132 (1990). This omission as to PTSD creates an even greater need for the Board to explain the interrelationship, or lack thereof, between the appellant's PTSD and alcoholism and how the severity of his service-connected disability is determined. In this regard, we note that the VAMROC treated his June 1988 hospitalization for alcoholism as being for a "service-connected disability" when it awarded him a temporary 100–percent rating under 38 C.F.R. 4.29.

Finally, the record on appeal does not contain any medical records of a hospitalization referred to by the appellant as occurring at the Sheridan VAMC sometime in the late 1970s. On remand, the Board should consider such records and address their significance. If the case returns here, the Secretary should include such records in the record on appeal.

In view of our decision to remand the case, we need not address the appellant's contentions that the Statement of the Case was deficient under the applicable regulation, except to note that the deficiency can be cured on remand.

### III. CONCLUSION

As this Court stated in *Sammarco v. Derwinski,* 1 Vet.App. 111, 114 (1991): "Whether the BVA's ultimate conclusions are correct or not, we hold that the incomplete nature of the decision below does not permit proper review by this Court.... The forthcoming BVA decision should contain discrete and concise reasoned findings of fact and conclusions of law which specifically address the issues which were presented for the BVA's consideration".

Accordingly, pursuant to 38 U.S.C. § 4052(a) (1988) and in light of *Gilbert v. Derwinski,* the matter is REMANDED for reconsideration and proceedings in accordance with this opinion.

*It is so Ordered.*