Prentis O. STEVENSON, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–315.

United States Court of Veterans Appeals.

Submitted Jan. 14, 1992.

Decided Feb. 24, 1992.

Rick Bowman, Fort Worth, Tex., was on the brief, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Deborah W. Singleton, Washington, D.C., were on the pleadings, for appellee.

Before FARLEY, Associate Judge.

## MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of March 29, 1990, the Board of Veterans' Appeals (Board or BVA) concluded that appellant's back disorder was not incurred in or aggravated by service, and thus upheld the denial of appellant's claim. A timely appeal to this Court followed. On May 6, 1991, appellant filed an informal brief. On August 9, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of this motion in lieu of a brief, and for a stay of proceedings. Appellant filed a reply brief on November 6, 1991.

Appellant, Prentis O. Stevenson, served in the Navy from January 9, 1943, to January 28, 1946, mostly with a naval construction "Sea Bees" battalion at Dutch Harbor, Alaska. R. at 6. He claims that while operating heavy equipment, he slipped on a track, fell, and suffered a back injury. R. at 97. The only in-service record of any back injury or treatment is a medical report dated April 16, 1945. It indicates that appellant received injections of procaine to the sacroiliac region of his back. The report concludes: "I believe that this man's complaints are entirely functional with no organic basis." R. at 10. *See* Br. of appellant at 3. Appellant's other in-service medical records show no evidence of a back injury. R. at 7, 9, 11, 14, 15. Other pertinent evidence consists of an impressively large collection of corroborating letters, written in 1989, that are quite specific as to appellant's alleged accident and resulting back problems during service, at separation from service (R. at 89), and to the present. R. at 73–76, 84–90, 109–13, 117–24.

Appellant applied for service connection for his back injury in 1948. Records of an x-ray examination note that appellant had no "pathology of the lumbosacral or the sacroiliac joints." R. at 25. Yet the rating sheet, dated August 27, 1948, contained a statement that appellant suffered from lumbosacral and sacroiliac arthritis. R. at 27. This arthritis was held not to be service-connected. Appellant was denied compensation for his back injuries in 1960. R. at 37. His submitted new Veterans Administration medical reports in 1988, but this evidence was held not to be "new and material for service connection for back condition." R. at 67. Appellant's claim was reopened on the submission of the corroborating letters written in 1989. On March 29, 1990, the BVA affirmed the denial of service connection for his back condition. The BVA based this decision largely on its finding that "service medical records shows no symptomatology, diagnosis or treatment for any lower back disorder ...", and its conclusion that "[a]ny back disorder in service was acute and transitory, and resolved without residuals." *Prentis O. Stevenson,* BVA 9037947, at 4 (March 29, 1990).

The BVA, in its decisions, is statutorily required to provide a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions". 38 U.S.C. § 7104(d) (formerly § 4004(d)). *See e.g., Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). In *Gilbert,* the Court ordered a remand because the decision contained "neither an analysis of the credibility or probative value of the evidence submitted by and on behalf of the veteran in support of his claim nor a statement of the reasons or bases for the implicit rejection of this evidence by the Board." *Gilbert,* 1 Vet.App. at 59. *See also Peyton v. Derwinski,* 1 Vet.App. 282, 285 (1991); *Smith v. Derwinski,* 1 Vet.App. 235, 237 (1991); *Hatlestad v. Derwinski,* 1 Vet.App. 164, 169–70 (1991); *Ohland v. Derwinski,* 1 Vet.App. 147, 149 (1991) ("The BVA decision here includes neither an analysis of the credibility or probative value of the evidence submitted by or on behalf of the veteran in support of his claim nor any

explanation of the Board's conclu-sion....").

Here, the Board has failed to state its reasons for apparently ignoring definitive evidence in the record that appellant was treated for a back injury while in service. In addition, the Board has not "provid[ed] an analysis of the credibility and probative value" of corroborating statements indicating that appellant suffered back pain continually after the accident, during the presumptive period after separation from service (see 38 U.S.C. § 1112 (formerly § 312)) and since the finding of lumbosacral and sacroiliac arthritis in 1948. A remand will allow the Secretary to review and correct these deficiencies. The Secretary is reminded that "[a] remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991).

Upon consideration of the record, appellant's briefs and the Secretary's motion, it is the holding of this Court that the BVA has failed to articulate, pursuant to 38 U.S.C. § 7104(d), the reasons or bases for its decision on appeal. Summary disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is denied. The May 29, 1990, BVA decision is vacated and the case is remanded for proceedings consistent with this decision.