**Herbert BIVINS, JR., Appellant,**

**v.**

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–771.**

United States Court of Veterans Appeals.

Submitted Jan. 3, 1992.

Decided March 2, 1992.

Herbert Bivins, Jr., pro se.

Robert E. Coy, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Craig M. Kabatchnick, Washington, D.C., were on the pleadings, for appellee.

Before IVERS, Associate Judge.

### MEMORANDUM DECISION

IVERS, Associate Judge:

Appellant, Herbert Bivins, appeals from a May 2, 1990, decision of the Board of Veterans' Appeals (BVA or Board). In that decision, the BVA denied service connection for residuals of a perforated eard-

rum and defective hearing, and for a chronic stomach disorder. Appellant, proceeding *pro se,* argues on appeal to this Court that the Board's decision was clearly erroneous. For the reasons below, the Board's decision is affirmed as to appellant's hearing loss claim but vacated and remanded as to his stomach disorder claim. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

Appellant served on active duty in the United States Army during World War II, from July 12, 1943, to November 17, 1946. Appellant's service medical records show that appellant first started reporting a stomach disorder on February 18, 1944. R. at 23. Appellant continued to have problems with his stomach for the next four months. On May 26, 1944, appellant was diagnosed with having "[g]astritis, [c]hronic, cause undetermined." R. at 28–29. Appellant continued to receive treatment for a stomach disorder on a periodic basis for the remainder of his service. R. at 31–34, 37. However, appellant's discharge examination contained no notations for a stomach disorder. R. at 2.

Soon after discharge, appellant was incarcerated for a lengthy period of time. Evidence in the file shows continual treatment from 1954 through 1967 for a stomach disorder including a possible peptic ulcer. R. at 45, 48, Supplemental R. at 3. Appellant continues to assert that he is suffering from a stomach disorder, however, the most recent Veteran's Administration (now Department of Veterans Affairs) (VA) examination did not specifically note an on-going stomach disorder. R. at 61–68.

■ Appellant's claim stems from a reopening of a previously disallowed claim. In considering such a claim, after determining that the evidence submitted is new and material, the prior disallowed claim is then reopened and all of the evidence both old and new is to be evaluated. *See generally Colvin v. Derwinski,* 1 Vet.App. 171 (1991); *Manio v. Derwinski,* 1 Vet.App. 140 (1991). Accordingly, under 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)) and *Gilbert v. Derwinski,* 1 Vet.App. 49, 56 (1990), the BVA

is required to provide in its decisions not only a written statement of its findings and conclusions but also the reasons or bases for them. Here, the Board's entire discussion relating to appellant's stomach disorder was:

> [Appellant's] military medical records indicate that although he had complaints of stomach problems in service, at his separation examination the problem *had* resolved. There is no indication of a complaint at separation of stomach problems and no medical evidence to show symptomatology within a reasonable time after separation. There is no objective medical evidence which would associate the veteran's current condition with the episodes for "nervous stomach" which occurred during service and for which continuing treatment has not been shown. Therefore, we are unable to determine that service connection is warranted for the veteran's stomach disorder.

*Herbert Bivins, Jr.,* BVA 90–09407, at 5 (May 2, 1990) (emphasis added). The absence of a specific notation on the separation examination does not automatically lead to a conclusion that the disorder was "resolved." Appellant testified that his condition continued after service and during the period he was in prison. He further testified that although he received treatment while incarcerated, he could not specifically recall what treatment was given to him. R. at 96–97. Also of record is the statement of Dr. James B. Thomas that appellant suffered from stomach ailments while in prison. The Board made no mention of Dr. Thomas' statement, nor did it address the credibility of appellant's sworn testimony and its reasons for discounting that testimony, which it is required to do. *See Smith v. Derwinski,* 1 Vet.App. 235, 238 (1991); *Hatlestad v. Derwinski,* 1 Vet. App. 164, 170–171 (1991); *Webster v. Derwinski,* 1 Vet.App. 155, 159 (1991); *Ohland v. Derwinski,* 1 Vet.App. 147, 148–149 (1991).

The Board also determined that the benefit-of-the-doubt standard under 38 U.S.C. § 5107(b) (formerly § 3007(b)) did not apply to appellant. However, instead of provid-

ing adequate reasons and bases for its determination, the Board simply stated that "we have considered the requirement that reasonable doubt, if present, be resolved in the veteran's favor; however, we find that the evidence does not raise such a doubt." *Bivins, Jr.*, BVA 90–09407, at 5. Because a large portion of the BVA's decision was based on its position that "it was apparently not possible to secure prison medical records for [appellant] for the 1940's and early 1950's," *Bivins, Jr.*, BVA 90–09407, at 4, the Board had a heightened obligation to explain its findings and conclusions. *Cf. O'Hare v. Derwinski*, 1 Vet.App. 365, 367 (1991) (where the service medical records are presumed destroyed, BVA's obligation to explain its findings and conclusions and to consider carefully the benefit-of-the-doubt rule is heightened).

■■■ Service connection can be established by showing a continuity of symptomatology. *See* 38 C.F.R. § 3.303(b). The Board, in determining that appellant did not have a chronic stomach disorder in service, cannot base its medical conclusions only on its own unsubstantiated opinion. The Board must base its decision on independent medical evidence. *See Colvin*, 1 Vet.App. 171, 175; *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990). *See also Tucker v. Derwinski*, 2 Vet.App. 201, 202–03 (1992) (medical opinion by a Regional Office rating board is not independent medical evidence). There is nothing in the record before this court to contradict appellant's assertions that his present stomach disorder was on-going since it first developed in service.

With respect to the Secretary's motion for summary affirmance as to appellant's claim for service connection for residuals of a perforated eardrum and defective hearing, appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal or remand. The Court is also satisfied that the BVA opinion as to the hearing claim satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). *See Gilbert.* It is further held that summary disposition of that claim

is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

Upon consideration of the foregoing, the Secretary's motion for summary affirmance is GRANTED as to appellant's loss of hearing claim but appellant's claim for service connection for a stomach disorder is VACATED and REMANDED to the BVA for further development and reconsideration of all relevant evidence, issues, and regulations in a manner consistent with this opinion.