**Cresencio O. TENIO, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–493.**

United States Court of Veterans Appeals.

April 9, 1992.

**48**

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of July 2, 1990, the Board of Veterans' Appeals (Board or BVA) denied entitlement to service connection for malaria and for peptic ulcer disease. A timely appeal to this Court followed. On September 9, 1991, appellant filed an informal brief. On November 19, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief and for a stay of proceedings. On January 7, 1992, the Court received the Secretary's erratum to this motion. Appellant has not filed a response.

After a thorough review of the evidence, the Court holds that because there has been no showing of chronicity or continuity, the BVA's conclusion that appellant's malaria, even if present in service, was acute and transitory, must be affirmed. 38 C.F.R. § 3.303(b) (1991). However, because the Board has not provided reasons or bases for its finding that peptic ulcer disease was not demonstrated during service and was first reported many years after service, in the face of directly conflicting evidence of record, the BVA's decision that peptic ulcer disease was not incurred or aggravated in service must be vacated and remanded.

While there are discrepancies in the record as to the exact dates of service, it has been established that appellant, Cresencio O. Tenio, served with the Army of the Philippines during World War II, and was discharged sometime between June 1945, and February 1946. *See, e.g.,* R. at 13, 16, 20, 28, 43–44. In support of his initial claim to service connection for an ankle wound and for "spit[ting] blood" (R. at 7–10), appellant submitted a letter written in 1946 by Dr. Do-on, a military doctor, who certified that appellant suffered from malaria during the war (R. at 1, 45), and a letter written in 1972 by an Assistant Adjutant General of Filipino Armed Forces, stating that Filipino records reveal that appellant suffered from malaria and tropical ulcer during the war. R. at 2. In a rating decision dated February 18, 1986, the Veterans' Administration Regional Office (VARO) denied service connection for residuals of an ankle wound, "PTB (claimed spit blood)," malaria and tropical ulcer. R. at 26.

Subsequently, appellant presented other evidence in support of his claim: a letter written by Dr. Felipe V. Remollo in December 1987, stating that he had been treating appellant since 1980 for a peptic ulcer (R. at 50–51); a sworn statement, dated February 19, 1988, from Luisa C. Alba Gonzales, in which she asserts that she was a nurse assigned to the medical aid station where appellant was treated during the war for malaria and peptic ulcer disease and that he still suffers from those ailments (R. at 54); a sworn statement from appellant's former commanding officer, Adriano Carino, dated February 19, 1988, in which he states that appellant suffered from malaria and an unspecified ulcer, was treated by Dr. Do-on, was sent home on sick leave, and is still suffering from the effects of these ailments (R. at 55). In a deferred or confirmed rating decision, dated March 17, 1988, appellant was informed that these sworn statements were insufficient to establish service connection. R. at 56.

Appellant reopened his claim in August 1989, and presented a written statement by Dr. Rafael Abaya, dated August 15, 1989, in which he asserts that he treated appellant in his clinic for "peptic ulcer and malaria sometime[ ] in 1946 and 1947...." R. at 66. In a deferred or confirmed rating

decision, dated November 14, 1989, the VARO held that, while Dr. Abaya's statement justified reopening appellant's claim, it did not justify granting service connection for malaria and peptic ulcer disease. R. at 68.

In January 1990, appellant submitted a Notice of Disagreement and stated his intention to file an appeal with the BVA. R. at 71. On February 28, 1990, the VARO provided appellant with a Statement of the Case. R. at 73–75. In it, appellant was informed that his claim had been denied because "there are no official records of malaria and peptic ulcer being noted, claimed, treated or diagnosed during service and there is no evidence of diagnosis of peptic ulcer by approved methods...." R. at 75. On March 19, 1990, appellant filed his appeal to the BVA, specifically taking issue with the reasons provided in the statement of the case. R. at 76.

■ In its decision, dated July 2, 1990, the Board found that appellant's malaria, if present during service, was acute and transitory, and did not result in residual disability. *Cresencio O. Tenio,* BVA 90–21842, at 3 (July 2, 1990). Appellant did not provide documentation to support a malaria claim based on either chronicity or continuity. *See* 38 C.F.R. §§ 3.307, 3.309. The Board, while noting that malaria is a tropical disease entitled to a presumption of service connection, 38 C.F.R. § 3.309(b), also noted that this presumption is rebuttable. 38 C.F.R. § 3.307(d)(1991). The Board concluded that because appellant has lived and continues to live in an tropical climate where malaria is endemic, he is not entitled to a § 3.309(b) presumption of service connection.

■ Upon consideration of the record, appellant's informal brief, and the Secretary's motion for summary affirmance, it is the holding of the Court that appellant has not demonstrated that the Board committed either factual or legal error in denying service connection for malaria which would warrant reversal. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

■ In contrast to its finding that malaria, if present during service, was acute and transitory, the Board, in its decision of July 2, 1990, specifically found that peptic ulcer disease was not demonstrated during service, but was first reported many years after service. In doing so, the Board made no reference to the sworn statement by Ms. Luisa Gonzales that appellant suffered from a peptic ulcer and was treated regularly from July 1944, to June 1945. R. at 54.

The BVA, in its decisions, is statutorily required to provide a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions". 38 U.S.C. § 7104(d) (formerly § 4004(d)). *See e.g., Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). In *Gilbert,* the Court ordered a remand because the decision contained "neither an analysis of the credibility or probative value of the evidence submitted by and on behalf of the veteran in support of his claim nor a statement of the reasons or bases for the implicit rejection of this evidence by the Board." *Gilbert,* 1 Vet.App. at 59. *See also Peyton v. Derwinski,* 1 Vet.App. 282, 285 (1991); *Smith v. Derwinski,* 1 Vet.App. 235, 237 (1991); *Hatlestad v. Derwinski,* 1 Vet.App. 164, 169–70 (1991); *Ohland v. Derwinski,* 1 Vet.App. 147, 149–50 (1991) ("The BVA decision here includes neither an analysis of the credibility or probative value of the evidence submitted by or on behalf of the veteran in support of his claim nor any explanation of the Board's conclusion....").

Here, the Board has failed to state reasons or bases for apparently ignoring evidence in the record specifically corroborating appellant's statements that he suffered from and was treated for peptic ulcer disease while in service. A remand will allow the Secretary to review and correct this

deficiency. "A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).

Accordingly, the Secretary's motion for summary affirmance is granted in part and denied in part. That portion of the July 2, 1990, BVA decision denying service connection for malaria is affirmed. That portion of the BVA decision denying service connection for peptic ulcer disease is vacated and this matter is remanded for further proceedings consistent with this opinion.