Norman **SELLZ**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 90–988.

United States Court of Veterans Appeals.

Submitted July 23, 1991.

Decided April 15, 1992.

Norman Sellz, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Pamela L. Wood, Deputy Asst. Gen. Counsel, and R. Randall Campbell, Washington, D.C., were on the brief, for appellee.

Before FARLEY, IVERS and STEINBERG, Associate Judges.

IVERS, Associate Judge:

Appellant, Norman Sellz, appeals from a May 22, 1990, Board of Veterans' Appeals (BVA or Board) decision which denied an increased rating from a thirty-percent to a fifty-percent disability rating for appellant's Post Traumatic Stress Disorder (PTSD). Appellant has not demonstrated that the Board committed either factual or legal error which would warrant a reversal or remand. Therefore, the Court affirms the Board's decision.

## I. BACKGROUND

Appellant served in the United States Army Air Corps from December 10, 1942, to March 10, 1946. R. at 9. On April 7, 1945, appellant's B–29 aircraft was shot down over Tokyo, Japan. He was taken prisoner by the Japanese government. Appellant remained a prisoner of war (POW) from April 7, 1945, to August 29, 1945. *Id.* On July 9, 1951, appellant was service-connected for anxiety tension and was assigned a thirty-percent disability rating. R. at 8. Appellant's anxiety tension was later categorized as PTSD. Although his original rating seems to have been reduced to ten-percent at one point, it is currently at thirty-percent. R. at 13, 59.

In July 1988, appellant participated in a POW Compensation and Pension Protocol Social Work Summary for the Veterans' Administration (now Department of Veterans Affairs) (VA). R. at 9–14. Appellant described his imprisonment by Japanese captors in great detail. After he was released and eventually returned to the United States, he began experiencing nightmares. R. at 11. At this same time he began drinking heavily. Appellant and his twin brother opened a tavern in his hometown of Omaha, Nebraska. The business lasted nine years. During this time period appellant married; however, he was divorced in 1958. *Id.* Appellant then moved to California and, with his uncle, father, and brother, began a used car business. Appellant tried to forget his POW experience by working hard in the family business and by drinking and socializing. R. at 11–12.

Appellant attempted to reopen his claim for an increased rating for his service-connected PTSD in January 1989. R. at 15. He underwent a VA Compensation and Pension Examination on April 12, 1989. R. at 36–38. The psychiatric examination was made without the aid of the veteran's claims file. R. at 36. Appellant reiterated much of the information which he had previously given in the POW summary. He explained to Dr. Howard Dolinsky, the VA psychiatrist, that he was very successful in business and was able to cope with his problems until around 1980, when he began attending reunions of his old Army Air Corps unit. Appellant began to find it increasingly difficult to sleep and began having nightmares when he was able to sleep. R. at 37. His relationship with his girlfriend deteriorated, he became more de-

pressed, and he drank more heavily. *Id.* Dr. Dolinsky diagnosed appellant as having PTSD, alcohol abuse for the past eight years, and possible cyclothymia or atypical bipolar disorder. R. at 38. Appellant also participated in a VA Work Service Examination which concluded that appellant "has a moderate industrial impairment and is unable to function at a higher level, [at] which he was functioning several years ago[,] due to his inability to sleep at night because of his POW experience and his extreme alcoholism." R. at 44. Appellant was denied an increased rating by the rating board in its June 23, 1989, rating decision. R. at 58–59. Appellant filed a Notice of Disagreement on July 19, 1989. R. at 60.

Appellant, dissatisfied with Dr. Dolinsky's examination, underwent another VA psychiatric examination performed by Dr. Gerald Motis on December 7, 1989. R. at 69–74. Dr. Motis diagnosed appellant as having PTSD, chronic, moderate to severe. R. at 74. Dr. Motis noted that appellant "has used hard work as a way of escaping the psychological sequeli [sic] of his [World War II] experiences." *Id.* However, he "is still dealing with fairly severe symptoms of PTSD so that his time at work has gradually diminished." *Id.* According to appellant he quit drinking in January 1989 and joined a POW support group. R. at 71, 73. Dr. Motis surmised that with the POW support group and continuing sobriety, appellant could again become active in his family business. A psychological assessment of appellant done in December 1989 by Dr. Calvin J. Frederick, Chief of Psychology Services at the VA Medical Center in West Los Angeles, California, diagnosed appellant as having major depression in remission and PTSD, chronic mild. R. at 93.

A hearing was conducted on December 28, 1989, and the hearing officer denied an increase in appellant's rating on January 19, 1990. R. at 81–90, 136–37. The May 22, 1990, BVA decision upheld the denial. Appellant made a timely appeal to this Court. This Court has jurisdiction to hear this appeal under 38 U.S.C. § 7252 (formerly § 4052).

## II: ANALYSIS AND CONCLUSION

■ The Board found that appellant's current condition was more compatible with a thirty-percent disability rating than with a fifty-percent disability rating. *Norman Sellz*, BVA 90–16366, at 4 (Mar. 29, 1990). In so doing, the Board did not specifically address the issue of whether appellant's alcoholism may have been related to his service-connected PTSD. *See Ohland v. Derwinski*, 1 Vet.App. 147, 150 (1991) (claim remanded in part "to explain the interrelationship, or lack thereof, between appellant's PTSD and alcoholism and how the severity of his service-connected disability is determined"). However, reports from appellant's doctors indicate that, although appellant has been struggling with his condition, he has been coping on his own and that alcoholism no longer presents a problem. Thus, the Board's failure to address the issue is not prejudicial to appellant's case. *See* 38 U.S.C. § 7261(b) (formerly § 4061(b)).

■ The Court finds that the Board's findings of fact in the May 22, 1990, BVA decision were entirely plausible. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 53 ("[I]f there is a plausible basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same conclusions, we cannot overturn them."). In this regard, it is notable that the three mental-health professionals who examined or treated appellant described his symptomatology in remarkably similar terms, although drawing somewhat different conclusions as to the severity of his impairment.

Therefore, after consideration of the briefs of both parties and a review of the record on appeal, it is the holding of the Court that the BVA has not committed either factual or legal error which would warrant reversal or remand. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). *See Gilbert*, 1 Vet.App. at 53–57. It is further held that summary

disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990). The decision of the BVA is AFFIRMED.