Albert M. ZIFFER, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1428.

United States Court of Veterans Appeals.

May 4, 1992.

Before STEINBERG, Associate Judge.

## ORDER

The pro se veteran, Albert M. Ziffer, appeals a Board of Veterans' Appeals (BVA or Board) decision dated August 14, 1990, denying him entitlement to service-connected disability compensation for (1) residuals of scarlet fever and (2) subacute bacterial endocarditis secondary to service-connected frontal sinusitis. *Albert M. Ziffer*, BVA No. 90–___ (Aug. 14, 1990). Summary disposition is appropriate in this case because it is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990).

Appellant served on active duty in the U.S. Navy from March 9, 1946, to January 7, 1948. R. at 10. According to his service medical records and testimony, in April 1946 he was hospitalized and diagnosed as suffering from scarlet fever. R. at 3, 65, 73. He also has asserted that he was hospitalized a few weeks after his release because of a high fever and joint discomfort. R. at 46. He posits that these symptoms were the result of rheumatic fever, which was, he contends, the consequence of inadequate treatment for scarlet fever. R. at 64, 65. In December 1947, he was diagnosed as suffering from pharyngitis and frontal sinusitis. R. at 3–7. Effective September 8, 1949, he received a service-connected disability rating for sinusitis but was not awarded a compensable rating. He has made repeated assertions in the record that he has suffered from increasingly severe chronic sinusitis since that time. R. at 44, 46, 63, 73. In a Department of Veterans Affairs (VA) rating decision dated August 6, 1982, he was awarded a 10% compensable disability rating for sinusitis. R. at 45. On June 22, 1982, he was diagnosed as suffering from mitral

valve prolapse. R. at 47, 73. On December 4, 1988, he was admitted to the Florida Hospital because of subacute bacterial endocarditis, secondary to streptococcus intermedius. R. at 47.

In his sworn testimony to the VA hearing officer and in the materials he submitted in connection with his testimony (R. 63–76), appellant, a physician, asserted that sinusitis and/or scarlet fever/rheumatic fever were causally related to his development of endocarditis. R. at 65–76. He cited several medical authorities to support his theories. The BVA must analyze the credibility or probative value of an appellant's evidence, explain its conclusions, and provide reasons or bases for its implicit rejection of an appellant's evidence. *Ohland v. Derwinski*, 1 Vet.App. 147, 149–50 (1991). *See Gilbert v. Derwinski*, 1 Vet. App. 49, 59 (1990); 38 U.S.C. § 7104(d)(1) (formerly § 4004). Here, the Board failed to carry out these tasks, never analyzing and explaining why it did not credit appellant's testimony and the medical authorities he cited to support his contention that the conditions incurred during service have caused endocarditis, entitling him to service-connection for that condition. Instead of addressing the veteran's contentions and refuting the medical theories he posited and the authorities to which he referred, the BVA supplied and relied on its own medical analysis to support its conclusion. Such reliance is contrary to this Court's precedents, requiring that the BVA rely on independent medical evidence to support its decisions. *Colvin v. Derwinski*, 1 Vet. App. 171, 174 (1991); *Tucker v. Derwinski*, 2 Vet.App. 201, 203 (U.S.Vet.App.1992).

Under 38 U.S.C. § 5107(a), VA must assist a claimant in developing the facts pertinent to a well-grounded claim. Appellant had presented a well-grounded claim, entitling him to such assistance. The testimony he provided and the medical texts to which he cited made his claim plausible, one capable of substantiation. *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990). When confronted with the need to resort to its own medical findings due to the insufficiency of the record, the BVA should instead develop the medical evidence of record to fulfill its statutory duty to assist claimants such as appellant. *See Tucker*, 2 Vet.App. at 203. "The BVA is always free to supplement the record by seeking an advisory opinion, ordering a medical examination or [quoting] recognized medical treatises in its decisions that clearly support its ultimate conclusions." *Colvin*, 1 Vet.App. at 175. A thorough medical examination of appellant had not been conducted since 1982, and, even then, an assessment as to the causal relationship between the stated conditions was not made. Appellant had requested, in his hearing statement submitted to the BVA, an examination by a specialist (R. 80), but none was provided. On remand, the Board may wish to order an independent medical evaluation of whether, based on the entire medical history, and, if so, to what extent, there is a causal relationship between appellant's scarlet fever/rheumatic fever, sinusitis, and endocarditis. *See* 38 C.F.R. §§ 3.326, 3.328, 4.1 (1991); *Hyder v. Derwinski*, 1 Vet.App. 221, 224 (1991); *cf. Tucker*, 2 Vet.App. at 203; *Schafrath v. Derwinski*, 1 Vet.App. 589, 595 (1991).

In view of the foregoing and upon consideration of the record, appellant's informal brief, and the Secretary's motion for summary affirmance, it is

ORDERED that the Secretary's motion for summary affirmance is denied and his motion is accepted in lieu of a brief. It is further

ORDERED that the August 14, 1990, BVA decision is vacated and the case is remanded for proceedings consistent with this order. A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which the new BVA decision is mailed to appellant.

VACATED AND REMANDED.