Raymond E. BEGIERS, Appellant,

v.

Edward J. DERWINSKI, Secretary
Of Veterans Affairs, Appellee.

No. 91–1592.

United States Court of Veterans Appeals.

July 8, 1992.

Before STEINBERG, Associate Judge.

ORDER

On May 22, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion to remand the case to the Board of Veterans' Appeals (Board or BVA). The Secretary concedes that the Department of Veterans Affairs did not comply with its duty to assist appellant; that the Board failed to consider all issues raised before it, specifically the issue of entitlement to a 70% schedular rating; that the Board failed to consider all the evidence of record in rendering its decision; and that the Board failed to provide reasons or bases as required under 38 U.S.C. § 7104(d)(1) (formerly § 4004).

On June 1, 1992, appellant filed a reply to the Secretary's motion for remand. In his response, appellant argues that the BVA's decision denying his claim for unemployability and its refusal to consider entitlement to a 70% rating must be reversed as clearly erroneous.

In reviewing Board decisions, the Court will hold unlawful and set aside any clearly erroneous findings of fact made by the Board. 38 U.S.C. § 7261(a)(4) (formerly § 4061). In the present case, however, the incomplete nature of the BVA's decision—due to its failure to consider all evidence of record and provide reasons or bases for its evaluation of all the evidence—does not permit informed review by this Court of the BVA's findings of fact. *See Sammarco v. Derwinski*, 1 Vet.App. 111, 113–14 (1991); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 170 (1991). As a court of review, it is not appropriate for this Court to make de novo findings regarding the weight and credibility of evidence supporting appellant's claim. *See* 38 U.S.C. § 7261(c) (formerly § 4061); *Webster v. Derwinski*, 1 Vet.App. 155, 159 (1991). Although the Court recognizes appellant's argument that resolution of his claim has

already suffered from much administrative delay, where the BVA's failure to provide an adequate decisional document prevents informed judicial review of the Board's findings of fact, remand is ordinarily the appropriate remedy. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 56–59 (1990); *Pritchett v. Derwinski,* 2 Vet.App. 116, 122 (1992).

The Court notes: "A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). On consideration of the foregoing, it is

ORDERED that the Board's May 28, 1991, decision is vacated and the record is remanded pursuant to 38 U.S.C. § 7252(a) (formerly § 4052) to permit further development and prompt readjudication in accordance with the Secretary's motion, incorporated herein by reference, including affording appellant the opportunity to submit new evidence. The Court retains jurisdiction. The Secretary shall file with the Clerk (as well as serving upon appellant) a copy of any Board final decision on remand. Within 14 days after such filing, appellant shall notify the Clerk whether he desires to seek further review by the Court.