**Philomena P. GALVAGNO, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1474.**

United States Court of Veterans Appeals.

Aug. 19, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, Philomena P. Galvagno, surviving spouse of World War II veteran Anthony F. Galvagno, appeals from an August 9, 1990, Board of Veterans' Appeals (BVA or Board) decision denying her claim for dependency and indemnity compensation (DIC) benefits on the ground that the record did not show that the veteran's death resulted from a service-connected disability. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). Because the Court finds that the Board failed to provide an adequate statement of the reasons or bases for its findings and conclusions and to carry out fully its duty to assist the appellant, the Secretary's motion will be denied and the Board's decision will be vacated and the matter remanded.

The veteran served on active duty in the United States Army from May 1942 to December 1946. R. at 1. While in the service, he was diagnosed with and treated for pulmonary tuberculosis (PTB). R. at 2–21. After his separation from service, the veteran continued to receive treatment for PTB. R. at 22–25. In July 1956, a Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) rating decision concluded that the veteran's service-connected PTB had been inactive since May 1956. R. at 26. That RO decision provided for a gradual reduction in the disability evaluation starting at 100% disabling, effective as of October 1947, and ending at 0% by May 1967. R. at 26. In 1988, the veteran died from congestive heart failure, due to or as a consequence of cardiomyopathy—a chronic disorder of heart muscle that may involve hypertrophy and obstructive damage to the heart (Webster's Medical Desk Dictionary 100 (1986)). R. at 43. The veteran's final, private hospital records also noted other significant conditions at the time of his death: diabetes mellitus and chronic obstructive pulmonary disease (COPD). R. at 34.

In order for a veteran's dependant to be awarded DIC benefits, it must be shown that the veteran died from a service-connected or compensable disability. 38 U.S.C. § 1310 (formerly § 410). Service connection for the cause of a veteran's death may be established if a disability incurred in or aggravated by service either caused or contributed substantially or materially to the cause of death. *See* 38 C.F.R. § 3.312(a), (b), (c)(1) (1991). A chronic disease which is manifested to a degree of 10% within one year following separation from service, is to be considered service connected despite the absence of evidence of such disease while in service. *See* 38 U.S.C. § 1112(a)(1) (formerly § 312); 38 C.F.R. §§ 3.307(a), 3.309(a) (1991). Further, in cases where the primary cause of death is so "overwhelming" that death would have resulted regardless of the existence of a service-connected disability, a service-connected condition may be found to be a contributory cause of death where that condition has had a "material influence in accelerating death" because it "affected a vital organ and was of itself of a progressive or debilitating nature". 38 C.F.R. § 3.312(c)(4) (1991). After reviewing all of the evidence of record, the BVA concluded that the veteran's service-connected PTB had been "asymptomatic" since 1955 and did not substantially and materially contribute to the veteran's death, and that his service medical records did not indicate any development of heart disease while in service or during the one-year presumption period, established by 38 U.S.C. § 1112(a)(1), following his separation from service. *Anthony F. Galvagno*, BVA 90–27326, at 5 (Aug. 9, 1990).

However, in her Form 1–9 appeal and to this Court, the appellant made a

further argument to establish a link between the veteran's service-connected PTB and the cause of his death, and that argument has not been refuted by the Board. R. at 53; Br. at 2. The appellant submitted a June 14, 1988, letter from the physician who treated the veteran immediately prior to his death. In this letter, the physician opined that the veteran's PTB had contributed to the development of his COPD, and that the veteran's COPD was one of the factors which caused his death. R. at 31. He stated: "Mr. Galvagno's death was caused by multiple factors. He did have congestive heart failure. He also had chronic obstructive pulmonary disease which contributed to his death. Certainly I believe that the fact that he had tuberculosis contributed to his chronic lung disease." R. at 31. Although this medical opinion is conclusory and not supported by findings or analysis, it still cannot be ignored. *See Sanden v. Derwinski,* 2 Vet.App. 97, 101 (1992); *Colvin v. Derwinski,* 1 Vet.App. 171, 175 (1991); *Willis v. Derwinski,* 1 Vet.App. 66, 70 (1991). The Board did not directly refute this medical opinion or, apparently, explore the possible contribution of the veteran's service-connected PTB to the development of his COPD. Consequently, the Court holds that the Board's statement of reasons or bases for its decision is inadequate because it failed adequately to address this argument. *See* 38 U.S.C. § 7104(d)(1) (formerly § 4004); *Hanson v. Derwinski,* 1 Vet.App. 512, 518 (1991); *Hatlestad v. Derwinski,* 1 Vet.App. 164, 168 (1991); *Sammarco v. Derwinski,* 1 Vet.App. 111, 113 (1991); *Gilbert v. Derwinski,* 1 Vet.App. 49, 56–57 (1990). Part of the BVA's obligation in setting out its reasons or bases is to " '[p]ermit a claimant to understand the Board's response to the various arguments advanced by the claimant.' " *Gilbert,* 1 Vet.App. at 56 (quoting S.Rep. No. 418, 100th Cong., 2d Sess. 38 (1988)). "[T]he Board must identify those findings it deems crucial to its decision and account for the evidence which it finds to be persuasive or unpersuasive." *Id.* at 57.

The Board in its "DISCUSSION AND EVALUATION" relied on the undisputed finding that the PTB had been inactive since the 1950s.

But that finding does not preclude the possibility that the veteran's PTB was the proximate cause of his COPD, which, allegedly, did contribute to the veteran's death. 38 C.F.R. § 3.310(a) (1991) provides: "Disability which is proximately due to or the result of a service-connected disease or injury shall be service connected. When service connection is thus established for a secondary condition, the secondary condition shall be considered part of the original condition." The Board did not conclusively find that the veteran's COPD was not proximately related to his service-connected PTB as alleged, and, thus, it is unclear whether the COPD may be considered service connected. On remand, if the COPD is found to be service connected, then the Board must determine whether the COPD, itself, contributed "substantially and materially" to the cause of the veteran's death. However, even if the COPD itself is determined not to be service connected, the Board must still determine *explicitly* whether any potential contribution of the service-connected PTB *via the COPD* to the veteran's death could be considered "a material influence in accelerating death". 38 C.F.R. § 3.312(c)(4).

Moreover, according to the benefit-of-the-doubt doctrine, 38 U.S.C. § 5107(b) (formerly § 3007), the appellant needs only to demonstrate that there is an "approximate balance of positive and negative evidence in order to prevail". *Gilbert,* 1 Vet.App. at 54. Consequently, on remand, if the evidence in support of finding that PTB was a "material influence in accelerating death" is in relative equipoise with evidence discounting PTB's contribution to the veteran's death, then the appellant will be entitled to application of the benefit-of-the-doubt doctrine.

■ The Court holds further that, as a matter of law, the appellant's claim, supported by the evidence in Dr. Anthony J. Graceffo's letter, dated June 14, 1988, is well grounded. 38 U.S.C. § 5107(a) (formerly § 3007). " 'A well grounded claim is a plausible claim, one which is meritorious on its own or capable of substantiation.' " *Moore (Howard) v. Derwinski,* 1 Vet.App.

401, 405 (1991) (quoting *Murphy v. Derwinski*, 1 Vet.App. 78, 80–81 (1990)). In that letter, Dr. Graceffo unequivocally stated his belief that the veteran's service-connected PTB contributed to one of the factors causing the veteran's death, COPD. *Cf. Tirpak v. Derwinski*, 2 Vet.App. 609, 610–11 (1992) (claim not well grounded, as a matter of law, because doctor's opinion, which stated veteran's death *may or may not* have been related to his service-connected disability, was speculative).

Once a well-grounded claim has been submitted, section 5107(a) requires that the Secretary assist the appellant "in developing the facts pertinent to the claim." 38 U.S.C. § 5107(a). Although the Board, obviously, could not have ordered a medical examination, the issue raised before it "presented an appropriate case in which to seek an advisory medical opinion concerning the relationship between" the veteran's service-connected PTB and his COPD, and by extension, his death. *Sussex v. Derwinski*, 1 Vet.App. 526, 530 (1991); *see Colvin*, 1 Vet.App. at 174–75 ("[i]f the medical evidence of record is insufficient ... the BVA is always free to supplement the record by seeking an advisory opinion"). *See* 38 U.S.C. §§ 7109, 5109 (formerly §§ 4009, 3009). "Upon remand, such action would be a viable way for the BVA to fulfill its duty to assist the appellant." *Sussex, supra; cf. Cousino v. Derwinski*, 1 Vet.App. 536, 540 (1991).

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's informal brief, the Court holds that the BVA has failed to state adequately, pursuant to 38 U.S.C. § 7104(d)(1) and the analysis in *Gilbert*, the reasons or bases for its decision. The Court further holds that the VA did not properly carry out its obligation under 38 U.S.C. § 5107(a) to assist the appellant in developing the facts pertinent to her claim. The Court expects critical reevaluation to occur on remand, in which the Board will reexamine the evidence of record, seek appropriate additional evidence, and issue a well-supported decision. *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). Accordingly, the Court vacates the August 9, 1990, decision, and remands the matter to the Board for prompt readjudication and disposition in accordance with this decision. A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new BVA decision is mailed to the appellant.

VACATED AND REMANDED.