**Gary MARTIN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–343.**

United States Court of Veterans Appeals.

Submitted May 3, 1991.

Decided July 25, 1991.

As Amended July 29, 1991.

Roger Rutherford was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Michael P. Butler, were on the pleading, for appellee.

Before KRAMER, HOLDAWAY and STEINBERG, Associate Judges.

KRAMER, Associate Judge:

In its decision of March 12, 1990, the Board of Veterans' Appeals (BVA) denied appellant's claim for reinstatement of his 20–percent disability rating for his service-connected right knee condition. Because the BVA failed to apply relevant regulatory provisions to evidence in the record, we vacate and remand the case for proceedings consistent with this opinion.

### I.

#### Factual Background

Appellant served on active duty from July 31, 1962, to August 30, 1966. R. at 22, 29. In May 1977, a joint mouse (piece of cartilage in the joint) was surgically removed from appellant's right knee at a ·Veterans' Administration (now Department of Veterans Affairs) (VA) hospital. R. at 6, 12. On May 25, 1980, the VA awarded appellant a 20–percent service-connected disability rating for post-operative medial meniscus of the right knee (crescent-shaped fibrocartilage in the middle of the right knee) with osteochondritis dissecans (inflammation of the bone and cartilage, resulting in the splitting of pieces of cartilage in the knee joint) and traumatic arthritis

(inflammation of the joint caused by physical trauma to it).

In May 1987, appellant was examined by the VA Regional Office (RO). As a result of this examination, appellant's disability rating was dropped from 20 percent to zero, effective January 1, 1988. R. at 12, 13.

On February 3, 1989, appellant sought reinstatement of his past 20–percent service-connected disability rating. R. at 15, 17. In support of his claim, he submitted a report by Dr. Kathleen DeFonte, radiologist, who, after having performed a venogram on appellant, concluded:

Venous thrombosis [exists] involving the perforating veins of the medial calf. Nonopacification of the deep venous system of the calf and the popliteal [is present] which is presumptive evidence for deep venous thrombosis.

and further noted:

With [appellant's] past history of knee trauma as evidenced by an old proximal fibular fracture and the extensive distal femoral collaterals, portions of the deep [venous] system may be chronically thrombosed.

R. at 16.

On March 30, 1989, the RO denied appellant's claim and stated:

Report shows [veteran] as seen with [illegible] leg pain in right calf. He had venogram that showed venous thrombosis involving the veins of the medial calf. Not treated for medial meniscus. Remains 0 percent for [post operative right] medial meniscus.

R. at 17, 18. Appellant filed a Notice of Disagreement on April 12, 1989, and a Statement of the Case followed which listed the following reason for the RO denial:

Current complaints of venous thrombo[sis] are unrelated to [appellant's] service-connected knee condition. Consequently, entitlement to a compensable evaluation is not established.

R. at 23.

Appellant, in his appeal to the BVA, VA Form 1–9, dated May 19, 1989, contended that the pain and swelling in his right knee and calf interfered with his sleep at night and made it very difficult for him to walk, stand, or sit. R. at 25. On June 15, 1989, he supplemented this appeal, seeking a minimal disability rating for painful motion in his leg or, in the alternative, a remand for a complete VA orthopedic examination (including x-rays) on his right knee. R. at 27–29. The BVA confirmed the RO decision and stated:

Careful note has been taken of the veteran's contentions, and they are considered in conjunction with examination findings. A recent VA examination showed that the veteran's right knee was stable and that it had full range of motion. The knee was essentially asymptomatic on clinical inspection. Criteria for assignment of a compensable rating for the veteran's right knee disability are not satisfied. Venous thrombosis of the right leg, a peripheral vascular disorder, is not a condition for which service connection is in effect. A VA exam was adequate for rating purposes and a remand for another examination is not required. . . .

and concluded as a matter of law;

A compensable rating for a right knee disability is not warranted.

*Gary Martin,* BVA 92–01919, at 3–4 (Mar. 12, 1990). Appellant subsequently filed an appeal with this Court on May 9, 1990.

## II.

### Analysis

#### A.

38 C.F.R. § 3.310(a) (1990) provides:

(a) *General.* **Disability which is proximately due to or the result of a service-connected disease or injury shall be service connected.** When service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition.

(Emphasis added.)

 We note that when Dr. DeFonte examined and diagnosed appellant, she stated that portions of his deep venous system may be chronically thrombosed because of his past history of knee trauma. R. at 16. This statement presents a basis

for a well-grounded claim for secondary service connection for venous thrombosis under § 3.310(a). Nevertheless, the BVA simply concluded, without explanation, that venous thrombosis is a condition for which service connection is not in effect. In so doing, it ignored the question of whether or not the appellant is entitled to service connection for this condition. The Court has continually held that an issue reasonably raised from a liberal reading of an appellant's substantive appeal must be addressed. *See, e.g., Myers v. Derwinski*, 1 Vet.App. 127, 129–30 (1991); *Payne v. Derwinski*, 1 Vet.App. 85, 87 (1990). In resolving the issue, the BVA is to apply all relevant regulations. *See, e.g., Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991); *Akles v. Derwinski*, 1 Vet.App. 118, 120–21 (1991); *Fugere v. Derwinski*, 1 Vet.App. 103, 108–09 (1990) (quotations omitted); *Payne*, at 87; *Bentley v. Derwinski*, 1 Vet.App. 28, 31 (1990). If, in considering this question upon remand, the BVA determines that venous thrombosis is not service connected, it must give adequate reasons or bases to clearly and completely explain and support its position. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990) (quotations omitted); *Sammarco v. Derwinski*, 1 Vet.App. 111, 113–14 (1991).

### B.

38 C.F.R. § 4.59 (1990), which addresses arthritic pain, states in relevant part:

> **With any form of arthritis, painful motion is an important factor of disability, the facial expression, wincing etc. on pressure or manipulation, should be carefully noted and definitely related to affected joints....** It is the intention **to recognize actually painful, ... joints, due to healed injury, as entitled to at least the minimum compensable rating for the joint....** Flexion elicits such manifestations. The joints involved should be **tested for pain** on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with the range of the opposite undamaged joint.

(Emphasis added.)

The statements made by appellant about pain in his VA Form 1–9, must also be evaluated as evidence within the context of § 4.59. *See Hatlestead v. Derwinski*, 1 Vet.App. 164, 169 (1991). Just as it ignored the issue discussed in section A of this opinion, the BVA also ignored this issue. If the evidence is to be believed, it appears that appellant would be entitled to a "minimum compensable rating for the joint" (10 percent under 38 C.F.R. § 4.71, Diagnostic Code 5003). This Court has repeatedly ruled that the BVA cannot ignore evidence. *See, e.g., Webster v. Derwinski*, 1 Vet.App. 155, 159 (1991). Should the BVA determine that the evidence is not credible, it will have to provide sufficient reasons or bases for discrediting it. *See Gilbert*, at 57.

### III.

For the reasons given above, the decision of the BVA is vacated and remanded for proceedings consistent with this opinion. On remand, the BVA should determine whether the evidence in the claims file and record before the Court is sufficient to adequately comply with the Court's instructions upon remand. If the BVA determines such evidence is not sufficient, it shall order an examination under the authority of 38 C.F.R. § 3.326 (1990).

*It is so Ordered.*