Before FARLEY, MANKIN and HOLDAWAY, Associate Judges.

---

Michael S. FERGUSON, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–472.

United States Court of Veterans Appeals.

Submitted June 3, 1991.

Decided Aug. 20, 1991.

HOLDAWAY, Associate Judge:

This case concerns an appeal of a February 16, 1990, decision by the Board of Veterans' Appeals (BVA or Board) denying appellant an increased (compensable) rating for rheumatoid arthritis. Appellant claims that the BVA failed to properly consider his limitation of motion due to pain under 38 C.F.R. § 4.59 (1990). We deny appellee's motion for summary affirmance, accept the motion as his brief and hold that the Board failed to consider appellant's unrebutted evidence of painful motion. The BVA decision in this case is reversed and remanded to the Board of Veterans' Appeals for action consistent with this opinion.

Appellant served in the United States Marine Corps from 1973 to 1977. While on active duty, he was diagnosed with rheumatoid arthritis. In April 1977, appellant was transferred to the Temporary Disability Retired List with a 40–percent disability rating due to the arthritis. In 1980, appellant received a permanent 20–percent disability rating from the military.

A Veteran's Administration (now Department of Veterans Affairs) (VA) examination was done in May 1981. The doctor concluded there was "no active arthritic disease." On June 18, 1981, service connection was established for rheumatoid arthritis which was rated as 0–percent disabling. Appellant attempted to have his condition reevaluated in 1984 and 1985 and was denied an increased rating both times by the VA Regional Office (RO). The Statement of the Case issued after appellant disagreed with the 1985 denial stated: "The veteran's complaints are *wholly subjective* at the present time ... There is also no evidence of old or active rheumatoid arthritis by clinical findings." (Emphasis added.)

In October 1988, appellant filed a Statement in Support of Claim along with medical reports of a rheumatoid consultation with the VARO in an attempt to reopen his claim. In January 1989, a VA medical examination was done. The diagnosis from the orthopedic portion of that exam was "[f]rom history, ankylosing spondylosis. Further diagnosis will await x-ray findings." No further diagnosis appears in the examination report. The RO confirmed the 0–percent rating for rheumatoid arthritis on March 3, 1989. Appellant filed a Notice of Disagreement (NOD) on April 3, 1989. The Statement of the Case issued in response to the NOD gave the basis for the denial as: "Veteran has no *objectively* verified joint limitation of motion or involvement due to his service-connected rheumatoid arthritis as contemplated by the 0% evaluation." (Emphasis added.)

Appellant filed a 1–9 form in which he stated:

I do not have good flexibility of back [and] spine [and] I have no reflex on left knee or ankle. I dont [sic] believe I have rheumatiod [sic] arthritis or I ever had it ... I believe I have Marie Strumpel's disease [ankylosing spondylosis]....

An informal hearing before the BVA was held on November 21, 1989. Appellant's representative repeated the assertions of misdiagnosis and requested another examination to clarify appellant's diagnosis. The representative also stated that appellant's symptomatology warranted a higher rating than 0–percent.

A BVA decision was issued on February 16, 1990. The decision noted the "contention that the diagnosis of rheumatoid arthritis may have been erroneous, and that the veteran's correct diagnosis may be ankylosing spondylitis." However, the Board pointed out that the rating criteria for rheumatoid arthritis and ankylosing spondylitis were the same and that "a change in the diagnosis would not entail a higher rating." In regard to the 0–percent rating, the Board stated:

[A] review of the recent clinical findings [does not] indicate that the veteran's rheumatoid arthritis warrants a compensable rating. Although the veteran has complained of back and hip pain, no significant limitation of motion of any of his joints has been *objectively demonstrated* on examinations of 1988 or 1989. Furthermore, there is no objective evidence of any exacerbations in recent years.

(Emphasis added.) Appellant filed a timely appeal to this Court.

VA regulations provide:

Functional loss [of a part of the musculoskeletal system] may be due to ... pain, supported by adequate pathology and evidenced by the visible behavior of the claimant undertaking the motion. Weakness is as important as limitation of motion, and a part which becomes painful on use must be regarded as seriously disabled.

38 C.F.R. § 4.40 (1990). The VA has specifically addressed pain in the context of arthritis in 38 C.F.R. § 4.59 (1990) which states:

With any form of arthritis, painful motion is an important factor of disability,

the facial expression, wincing, etc., on pressure or manipulation should be carefully noted and definitely related to affected joints.... It is the intention to recognize actually painful ... joints ... as entitled to at least the minimum compensable rating for the joint.... Flexion elicits such manifestations. The joints involved should be tested for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with the range of the opposite undamaged joint.

Rheumatoid arthritis is rated under 38 C.F.R. § 4.71, Diagnostic Code (DC) 5002. Under that regulation, "[l]imitation of motion must be objectively confirmed by findings such as ... satisfactory evidence of painful motion." Ankylosing spondylitis would be rated under 38 C.F.R. § 4.71, DC 5009 (Arthritis, other types) which refers back to DC 5002. It is not clear exactly what is meant by "objectively confirmed by satisfactory evidence" of painful motion in 38 C.F.R. § 4.71, DC 5002. Pain is a peculiarly subjective phenomenon. 38 C.F.R. § 4.59 suggests that "facial expression, wincing, etc." are some evidence of painful motion. This language leads to an expectation that in a VA physical examination where a veteran alleges pain due to arthritis there would be some notation relating to the type and degree of pain complained of and that there would be "carefully noted" findings (as required by § 4.59) relating what actually was observed during the exam when limitation of motion was tested.

The BVA decision in this case states: "The veteran's rheumatoid arthritis is manifested by complaints of joint pain, with no more than minimal objective findings shown on recent examinations." This is the only language in the BVA decision that appears to comment on the appellant's subjective complaints of pain. The BVA cannot simply ignore parol evidence from a claimant, particularly where, as here, pain is the sole issue. Surely the appellant's claim of feeling pain during flexion tests is an important part of any medical diagnosis. The Board may choose to believe or disbelieve it, in context with other evidence, but the BVA decision must address such evidence one way or the other. *See Martin v. Derwinski*, 1 Vet.App. 411, 413 (1991). Accordingly, the BVA decision in this case is reversed and remanded for a decision which addresses appellant's contentions about pain. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990) ("[T]he Board must identify those findings it deems crucial to its decision and account for the evidence it finds persuasive or unpersuasive.")

In this case, as in *Martin*, the BVA should determine if the evidence in the claims file is adequate to allow them to make a decision concerning pain. If the BVA determines that the evidence has not been sufficiently developed, it shall order an examination under the authority of 38 C.F.R. § 3.326 (1990). If such an examination is ordered, it should, in accordance with 38 C.F.R. § 4.59, carefully note any evidence of pain.