David J. CLOUATRE, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 91–1614.

United States Court of Veterans Appeals.

July 14, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, veteran David J. Clouatre, appeals from a June 18, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying an increased rating for postoperative residuals of an extruded L4–5 disc with radiculopathy, currently rated as 40% disabling. Because the Board failed to address an applicable regulation and to provide an adequate statement of reasons or bases for its conclusions, its decision will be vacated. The veteran's claim for a total disability rating based on individual unemployability has been remanded by the Board to the Department of Veterans Affairs (VA) Regional Office (RO) for further consideration.

In addition to the VA clinical reports, private physicians' examinations, and the results of magnetic resonance imaging (MRI) and computerized axial tomography (CAT) procedures (R. at 2, 4–7, 9–12, 41, 65–71), the record on appeal includes the veteran's sworn testimony at a February 14, 1990, VARO hearing (R. at 21–38). The veteran testified that he experienced muscle spasms (R. at 36), and that the pain in his back and legs prevented him from sitting or standing for prolonged periods of time, was aggravated by activity involving "bending, stooping and twisting" (R. at 30), and sometimes manifested itself as "sharp shooting" sensations that occur "once a week or so" (R. at 32–33).

■■■■ The Board is required to give an adequate statement of reasons or bases for its decision, including an analysis of "the credibility or probative value of the evidence submitted by or on behalf of the

veteran in support of his claim". *Gilbert v. Derwinski,* 1 Vet.App. 49, 59 (1990); *see* 38 U.S.C. § 7104(d)(1) (formerly § 4004); *Cousino v. Derwinski,* 1 Vet.App. 536, 540 (1991). A claimant's sworn testimony is evidence that the Board must consider, and the Board must "provide adequate reasons or bases for its rejection of the appellant's testimonial evidence." *Pruitt v. Derwinski,* 2 Vet.App. 83, 85 (1992); *see Cartright v. Derwinski,* 2 Vet.App. 24, 25–26 (1991); *Hatlestad v. Derwinski,* 1 Vet.App. 164, 169–70 (1991).

The Board evaluated the veteran's back disorder according to the regulatory criteria set forth for rating Intervertebral Disc Syndrome. Profound Intervertebral Disc Syndrome, rated at 60% disabling, requires, "persistent symptoms compatible with sciatic neuropathy with characteristic pain and demonstrable muscle spasm, absent ankle jerk, or other neurological findings appropriate to site of diseased disc, [and] little intermittent relief". 38 C.F.R. 4.71a, Diagnostic Code (DC) 5293 (1991). In its decision, the BVA stated: "Although we recognize that the veteran's Achilles tendon reflex is absent and that he has complaints of continuous pain, physical examination has not revealed demonstrable muscle spasms or severe limitation of back motion. Hence we find that the evaluation currently in effect more than adequately reflects the veteran's current level of disability." *David J. Clouatre,* BVA 90–07224, at 4 (June 18, 1991). The BVA erred in failing to analyze the evidence in light of 38 C.F.R. § 4.40 (1991), the regulation that requires the Board to regard as "seriously disabled" any part of the musculoskeletal system that becomes painful on use. Under that regulation, "the VA has a duty to determine functional loss which includes evaluating a veteran's pain". *Ferraro v. Derwinski,* 1 Vet.App. 326, 330 (1991); *see Schafrath v. Derwinski,* 1 Vet. App. 589, 591–92 (1991); *Hatlestad,* 1 Vet. App. at 167. Also, the BVA should have dealt with the veteran's sworn testimony that he experienced muscle spasms.

Therefore, remand is required to allow the Board to discuss, in the context of section 4.40, all of the evidence that addresses the veteran's functional loss due to pain, including the portions of the veteran's testimony that describe the frequency of pain and the situations that activate pain; and the BVA must give an adequate statement of reasons or bases for its conclusions regarding the effect of the pain on limitation of motion described in DC 5293. On remand, the Board must also consider and address all the evidence of record, including the veteran's sworn testimony, particularly his claim of experiencing muscle spasms.

Upon review of the record, the appellant's brief, and the motion of the Secretary of Veterans Affairs for summary affirmance, it is held that the June 18, 1991, BVA decision is vacated and the matter remanded to the BVA for prompt readjudication, in accordance with this decision, on the basis of all the evidence and material of record and all applicable law and regulation, and issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. §§ 7104(a) (formerly § 4004), 7104(d)(1); 38 C.F.R. § 4.40; *Gilbert, supra; Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). It is further held that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new final Board decision is mailed to the appellant.

VACATED AND REMANDED.