**David J. CLOUATRE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–1614.**

United States Court of Veterans Appeals.

Aug. 19, 1992.

Before STEINBERG, Associate Judge.

ORDER

On July 14, 1992, 2 Vet.App. 590 (1992), the Court issued a decision summarily vacating a June 18, 1991, decision of the Board of Veterans' Appeals (BVA or Board) and remanding the matter to the Board for readjudication of the veteran's claims. The Court held that the Board had erred in failing to consider the applicability of 38 C.F.R. § 4.40 (1991), regarding functional disability due to pain, which was made potentially applicable by the veteran's evidence and arguments before the Board, and remanded with instructions to consider the applicability of section 4.40, and to address, in its written statement of reasons or bases, the veteran's sworn testimony describing the pain and muscle spasms which the veteran suffered.

On July 28, 1992, the Secretary of Veterans Affairs (Secretary) submitted a motion for reconsideration, or review by a panel, or, in the alternative, for vacation or modification of the Court's decision. The Secretary asserts that the Board's obligation to consider the veteran's functional disability due to pain is subsumed by the governing criteria from the rating schedule, 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5293 (1991), which make "characteristic pain" one of several factors on which the rating sought by the veteran is based. The Secretary further asserts that section 4.40 "pertains not to rating evaluations by the BVA, but to the adequacy of examinations for the purpose of demonstrating functional loss." Mot. at 2. The Secretary also argues that the veteran's testimony regarding muscle spasms is "immaterial" under the rating criteria, since the requirement in DC 5293 that there be "demonstrable muscle spasm" precludes establishing the existence of muscle spasm on the basis of sworn testimony.

■ The Secretary's assertion that section 4.40 relates to the sufficiency of examinations rather than rating decisions by the BVA is wrong as a matter of law. The Court's precedents clearly establish that the section 4.40 provides guidelines for rating decisions by the Board and the Regional Offices of the Department of Veterans Affairs (VA). See Moyer v. Derwinski, 2 Vet.App. 289, 294 (1992) ("[i]t is the duty of the BVA ... to address appellant's pain to determine functional loss under 38 C.F.R. § 4.40"); Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991) (BVA required to "consider whether the veteran's assertion of disabling pain was supported by evidence sufficient to justify a compensable rating under section 4.40"); Ferraro v. Derwinski, 1 Vet.App. 326, 330 (1991) ("[u]nder 38 C.F.R. § 4.40 (1990), the VA has a duty to determine functional loss which includes evaluating a veteran's pain"). The Court further notes that section 4.40 is codified in part 4 of title 38, Code of Federal Regulations, under subpart B, which is headed "Disability Ratings".

■ In Schafrath, the Court expressly held: "Under 38 C.F.R. § 4.40, functional disability due to pain may be the basis of a compensable rating." 1 Vet.App. at 592. The Secretary has not provided any reason for creating an exception to that rule where, as here, a potentially applicable schedular category makes "characteristic pain" one of the criteria for a schedular rating. The regulation providing for a disability rating based on "functional loss" due to pain is not swallowed up by the schedular rating criteria providing for a disability rating based on "characteristic pain" in conjunction with other symptoms. The former provision applies only where the pain in itself is sufficient to produce actual functional loss; the latter provision applies where there is "characteristic pain", in conjunction with other symptoms, without regard to whether such pain itself produces functional loss. The Secretary has cited no authority for departing from the usual application of section 4.40. Furthermore, the Court previously has held expressly, in Ferraro, 1 Vet.App. at 330, that VA was required to consider the applicability of section 4.40 in a case where the claimant's disability was rated under DC 5293, the same schedular category under which the veteran is rated in this case.

The Secretary also contends that the veteran's "testimony as to the presence of muscle spasms is insufficient proof under the literal language of the rating criteria." Mot. at 3. The rating criteria in DC 5293 provide for a 60% rating when there is, among other things, "demonstrable muscle spasm". The Court notes that, "literally", "demonstrable" refers to a thing "that can be demonstrated", WEBSTER'S NEW WORLD DICTIONARY 367 (3d Coll. ed. 1988), not, as the Secretary appears to assert, a thing previously demonstrated by clinical evidence. The Court has held that lay evidence, including testimony, as to a veteran's symptomatology, is evidence which the Board may not ignore, and the Board must provide an analysis of the credibility or probative value of such evidence. *See Espiritu v. Derwinski*, 2 Vet.App. 492, 495, (1992); *Ohland v. Derwinski*, 1 Vet. App. 147, 149–50 (1991). Therefore, the Secretary has not offered any support for his contention that, as a matter of law, the veteran's testimony is "insufficient" evidence of muscle spasms. Furthermore, even where the applicable rating schedule provisions clearly required objective evidence of pain, the Court has held that the Board is not free to ignore "subjective" evidence of that fact consisting of the veteran's own statements, but rather, "[t]he Board may choose to believe or disbelieve it, in context with other evidence, but the BVA decision must address such evidence one way or the other." *Ferguson v. Derwinski*, 1 Vet.App. 428, 430 (1991).

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion for reconsideration of the Court's July 14, 1992, memorandum decision is denied.