Bennie E. ANDERSON, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 90–798.

United States Court of Veterans Appeals.

July 16, 1993.

Before STEINBERG, Judge.*

---

* Note: This single-judge disposition carries no precedential weight in other cases. *See Bethea v. Derwinski,* 2 Vet.App. 252, 254 (1992).

## MEMORANDUM DECISION

STEINBERG, Judge:

The appellant, Korean conflict veteran Bennie E. Anderson, appeals from an April 12, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying his claims for an increased rating for his service-connected left-sciatic-nerve injury with foot drop, a compensable rating for his service-connected left-hip arthritis, and a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities. *Bennie E. Anderson*, BVA 90–\_\_\_\_ (Apr. 12, 1990). On January 3, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance of the BVA decision denying increased ratings for the appellant's two service-connected disabilities, and for summary remand of the claim for a TDIU rating. On March 10, 1993, this Court issued a memorandum decision granting the Secretary's motion for summary remand, denying his motion for summary affirmance, vacating the BVA decision, and remanding all three claims to the BVA for prompt readjudication.

On March 24, 1993, the Secretary moved for modification of the Court's memorandum decision and for dismissal of the claims pertaining to the appellant's arthritis and sciatic-nerve injury. The basis for the Secretary's motion is that the Court lacks jurisdiction over those two claims because appellant did not file a valid Notice of Disagreement (NOD) on or after November 18, 1988, so as to give this Court jurisdiction over those claims under section 402 of the Veterans' Judicial Review Act. Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)) [hereinafter VJRA § 402]. The Secretary does not seek modification of that portion of the Court's decision remanding to the BVA the veteran's claim for a TDIU rating.

On May 3, 1993, the Court ordered the parties to file supplemental memoranda on the jurisdictional issues and held in abeyance the Secretary's motion for dismissal of the arthritis and sciatic-nerve-injury claims. The Court has now received the supplemental memoranda. The Secretary asserts that the appellant filed NODs prior to November 18, 1988, with respect to the arthritis and sciatic-nerve-injury claims; that those claims were neither withdrawn nor the subjects of a final Department of Veterans Affairs (VA) regional office (RO) or BVA decision prior to the April 1990 BVA decision that is the subject of this appeal; and that, therefore, the Court lacks jurisdiction over those claims. The appellant concedes that he filed an NOD prior to November 18, 1988, with respect to the sciatic-nerve-injury claim, but asserts that a subsequent RO decision on November 4, 1988, which increased from 20% to 40% the rating for that condition, was a decision of the agency of original jurisdiction from which a new NOD could be filed, and that he did in fact file such an NOD on December 12, 1988. He further asserts that he did not file an NOD prior to November 18, 1988, with respect to his arthritis claim.

Upon consideration of the record and the parties' supplemental memoranda, the Court, sua sponte, withdraws its March 10, 1993, decision, and issues this decision in its place. Summary disposition is appropriate in this case because it is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court will dismiss the veteran's appeal with respect to his sciatic-nerve-injury claim and will vacate the BVA decision with respect to the arthritis and TDIU claims and remand those claims to the Board for prompt readjudication.

### I. The Court's Jurisdiction

#### A. Background

In order for this Court to have jurisdiction over an appeal of an adverse BVA decision, a claimant or his or her representative must have filed with a VARO a valid NOD on or after November 18, 1988. VJRA § 402; *see Hamilton v. Brown*, 4 Vet.App. 528, 531 (1993) (en banc). In *Hamilton*, the Court held that a document expressing disagreement with an RO adjudication as to a particular claim cannot be

an NOD as to that claim where an NOD was previously filed to a prior RO adjudication as to that claim and appellate review by the BVA had not been completed pursuant to that NOD as to that claim. *Hamilton*, 4 Vet.App. at 538.

In the instant case, the RO in October 1987 denied the veteran's claims for increased ratings for his then-service-connected left-sciatic-nerve injury (then rated 20% disabling) and left-thigh wound to muscle group XIII (then rated 40% disabling), and granted service connection and a noncompensable rating for his left-hip arthritis. R. at 83–85. In November 1987, the veteran filed an NOD expressing "disagree[ment] with the recent VA rating decision denying his claim for an increased evaluation of his service[-]connected combat wounds." R. at 87. In a January 1988 Statement of the Case (SOC), the RO stated the issues appealed to be claims for increased ratings for (1) the left-thigh wound to muscle group XIII, and (2) the left-sciatic-nerve injury. R. at 89. In his February 1988 VA Form 1–9 (Appeal to the BVA), the veteran submitted arguments in support of only the sciatic-nerve injury and left-thigh-muscle claims. R. at 94. With respect to the left-thigh-muscle claim, he stated: "I feel that the arthritic condition should be associated with this in a combined rating". *Ibid.* He further stated: "After you have reviewed the issue, I feel that the medical evidence supports an increase in compensation for both of these issues to include the arthritic condition." R. at 94.

At an April 6, 1988, personal hearing held on behalf of the BVA at the RO, the hearing officer stated that the only issues on appeal were the claims for increased ratings for the left-thigh and left-sciatic-nerve injuries. R. at 97–118. The hearing officer ordered an examination, and in May 1988 the veteran was given a VA examination to evaluate his left-thigh and left-sciatic-nerve injuries and left-hip arthritis. R. at 120. In November 1988, the RO denied increased ratings for the left-thigh injury and the left-hip arthritis, and awarded an increase, from 20% to 40%, in the left-

sciatic-nerve disability rating. R. at 126–27. In a December 1988 Supplemental SOC, the RO, ignoring the arthritis claim, again listed the issues on appeal as including only the left-thigh and left-sciatic-nerve claims. R. at 130. On December 12, 1988, the veteran's representative submitted to the RO a statement that the veteran also wished to appeal the November 1988 RO decision denying an increased rating for the left-hip arthritis. R. at 134.

In a February 1, 1989, letter, the RO informed the veteran that it considered his appeal with respect to the left-sciatic-nerve claim to have been satisfied by the award of a 40% rating and would close his appeal with respect to that condition if he did not respond within 30 days. R. at 136. On February 10, 1989, the veteran informed the RO that he wished to continue his appeal with respect to that claim.

In the April 1990 decision here on appeal, the BVA denied all three of the veteran's claims. In a March 27, 1991, letter to the veteran's attorney approving the attorney's fee agreement in this case, the BVA Chairman, applying this Court's then precedential opinion in *Whitt v. Derwinski*, 1 Vet.App. 40 (1990), which has since been overruled by *Hamilton*, *supra*, concluded that the veteran had filed valid NODs in November 1987 and February 1989 with respect to the sciatic-nerve-injury claim, and in November 1987 and December 1988 with respect to the arthritis claim.

### B. Left–Sciatic–Nerve Claim

■ The Court concludes that the veteran filed an NOD in November 1987 with respect to the sciatic-nerve-injury claim. Therefore, he could not have filed an additional NOD with respect to that claim on or after November 18, 1988, so as to give this Court jurisdiction over that claim under VJRA § 402, unless either that claim had been the subject of a final BVA decision or the appeal had been withdrawn. *Hamilton*, 4 Vet.App. at 538; *see also Strott v. Derwinski*, 964 F.2d 1124, 1127–28 (Fed. Cir.1992) (written expression of disagreement filed after an RO hearing was not a valid NOD with respect to a claim where an

NOD and a 1–9 Appeal had previously been filed with respect to that claim). The record does not indicate that either situation had occurred in this case. Although the RO in November 1988 increased the veteran's rating for that condition from 20% to 40%, that increase did not terminate the veteran's appeal. *See Hudson v. Principi,* 3 Vet.App. 467, 468 (1992) (written disagreement with RO adjudication following a post–1–9–Appeal hearing was not a valid NOD, even though RO had granted some of the benefits sought (increase from 30% to 50% in service-connected-disability rating)). Therefore, neither the veteran's December 12, 1988, communication expressing disagreement with that November 1988 RO decision nor any other document in the record is a valid NOD with respect to the sciatic-nerve-injury claim so as to give this Court jurisdiction over that claim and the appeal as to that claim will thus be dismissed.

### C. Left–Hip–Arthritis Claim

■ Regarding the left-hip-arthritis claim, the Secretary asserts that the veteran's November 1987 NOD was an NOD as to that claim as well, and that, therefore, the veteran could not have filed an additional NOD on or after November 18, 1988, as to that claim so as to give this Court jurisdiction over that claim. Alternatively, the Secretary asserts that the veteran's February 1988 1–9 Appeal constituted a valid NOD as to the arthritis claim. The appellant asserts that the November 1987 NOD did not extend to the arthritis claim and that the NOD as to the arthritis claim was filed on December 12, 1988. For the reasons stated below, the Court agrees with the appellant.

The veteran had established service connection effective as of July 1952 for his sciatic-nerve injury and left-thigh wound, both resulting from a gunshot wound incurred in service. R. at 32. In July 1987, he filed a claim for increased ratings for those conditions. In its October 1987 decision, the RO denied increased ratings for those conditions and also made an initial award of service connection for left-hip ar-

thritis, which it rated as 0% disabling. R. at 85. In his November 1987 NOD, the veteran stated that he disagreed "with the recent VA decision denying his claim for an increased evaluation of his service[-]connected combat wounds" and wished to appeal that decision. R. at 87. The veteran's November 1987 NOD expressed a desire to appeal the RO decision with respect to the denial of his "claims for an increased evaluation of his service[-]connected combat wounds" and did not mention disagreement with the RO's initial award of service connection for left-hip arthritis. Therefore, that document was not an NOD with respect to the left-hip arthritis claim.

On his February 1988 1–9 Appeal, the veteran listed only the sciatic-nerve-injury and left-thigh-muscle-injury claims as the claims for which an increased rating was being sought. Although he stated that he felt that his arthritic condition should "be associated with" his sciatic-nerve-injury claim, he did not indicate a disagreement with or desire to appeal the October 1987 RO decision insofar as that decision awarded him service connection at a noncompensable rating for arthritis. Therefore, the Court holds that neither the 1–9 Appeal nor any other document in the record was a valid NOD as to the arthritis claim decided in the October 1987 RO decision. After the RO in November 1988 denied the veteran's claim for an increased rating for the left-hip arthritis (R. at 126), the veteran on December 12, 1988, filed with the RO an NOD specifically expressing disagreement with and a desire to appeal the RO decision denying a compensable rating for his arthritis (R. at 134). The Court holds that that document was a valid NOD with respect to the arthritis claim and that, on the basis of that valid post-November 18, 1988, NOD, the Court has jurisdiction over that claim.

## II. The Merits of the Arthritis and TDIU Claims

### A. Reasons or Bases

■ The Board is required to provide a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the

record; the statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court. *See* 38 U.S.C.A. § 7104(d)(1) (West 1991); *Masors v. Derwinski*, 2 Vet.App. 181, 188 (1992); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any evidence favorable to the veteran. *See Simon v. Derwinski*, 2 Vet.App. 621, 622 (1992); *Abernathy v. Derwinski*, 2 Vet.App. 391, 394 (1992); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 169 (1991) (*Hatlestad I); Gilbert, supra.* The Board may not rely on its own unsubstantiated medical conclusions to reject expert medical evidence in the record; rather, the Board may reject a claimant's medical evidence only on the basis of other independent medical evidence. *See Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991); *Hatlestad v. Derwinski*, 3 Vet.App. 213, 217 (1992). Furthermore, when a statutory or regulatory provision is made potentially applicable through the assertions and issues raised in the record, the Board is required to consider and discuss the applicability of that provision. *See Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991); *Payne v. Derwinski*, 1 Vet.app. 85, 87 (1990).

■ i. *Left–Hip Arthritis:* In denying a compensable rating for the veteran's service-connected left-hip arthritis, the Board stated:

> Examination in 1988 revealed an essentially normal range of motion of both hips. The veteran has complaints of pain in the left hip. X-ray studies of the left hip in 1987 and 1988, however, did not reveal arthritic changes. Therefore, a compensable evaluation cannot be assigned for arthritis of the left hip.

*Anderson*, BVA 90–____, at 5. The criteria in VA's schedule for rating disabilities require a diagnosis of arthritis to be supported by X-ray findings in order to warrant a compensable rating. *See* 38 C.F.R. § 4.71a, diagnostic code (DC) 5003, 5010 (1992) (DC 5101, the provision under which the veteran's arthritis is rated, is titled "[a]rthritis, due to trauma, substantiated by X-ray findings"); *Lichtenfels v. Derwinski*, 1 Vet.App. 484, 488 (1991). The Board in its April 1990 decision concluded that the 1987 and 1988 VA X-ray reports did not reveal any arthritic changes in the left hip. The Board, however, failed to explain the significance of the findings with regard to the left hip noted on the September 1987 VA radiological report, which stated: "*LEFT HIP:* 09/11/87 Multiple metallic fragments are projected over the left hip, most likely shrapnel. Some post[-]traumatic changes of the intertrochanteric region are present as well." R. at 82 (underscoring in original). (The intertrochanteric region is the region between two "rough prominence[s] or process[es] at the upper part of the femur". WEBSTER'S MEDICAL DESK DICTIONARY 345, 733 (1986). The femur extends, at its upper end, to the hip. *Id.* at 239.) In light of that finding of post-traumatic changes listed under radiological findings relating to the left hip, the Board was required to explain its evaluation of that evidence in concluding that there was no X-ray evidence of arthritis in the left hip.

■ Moreover, there is substantial evidence in the record indicating that the veteran suffers from debilitating pain in his left hip. R. at 57–58, 61, 77, 109, 120. Therefore, if there is adequate X-ray evidence of left-hip arthritis, the Board is also required to consider and discuss the applicability of regulations providing for a compensable disability rating for musculoskeletal disabilities on the basis of functional disability due to pain, if supported by adequate pathology and evidenced by the visible behavior of the claimant undertaking the motion. *See* 38 C.F.R. § 4.40 (1992) ("[w]eakness is as important as limitation of motion, and a part which becomes painful on use must be regarded as seriously disabled"); 38 C.F.R. § 4.45 (1992) (in evaluating disabilities in the joints, inquiry "will be directed to", inter alia, weakened movement and pain on movement); *Schafrath*, 1 Vet.App. at 592–93; *Ferraro v.*

*Derwinski,* 1 ·Vet.App. 326, 330 (1991). Where arthritis is established by X-ray evidence, VA regulations expressly require a compensable rating for arthritic joints affected by disabling pain:

> With any form of arthritis, painful motion is an important factor of disability.... The intent of the schedule is to recognize actually painful, unstable, or malaligned joints as productive of disability. It is the intention to recognize actually painful, unstable, or malaligned joints, due to healed injury, as entitled to at least the minimum compensable rating for the joint.

38 C.F.R. § 4.59 (1992); *see Lichtenfels, supra; Ferguson v. Derwinski,* 1 Vet.App. 428, 429–30 (1991); *Martin (Gary) v. Derwinski,* 1 Vet.App. 411, 413 (1991).

If the presence of arthritis is established by X-ray findings, then "[w]here, as here, the claimant asserts to the BVA facts which would support a rating of compensable functional loss due to pain, section 4.40 must be applied to determine if a compensable rating is warranted." *Schafrath, supra.* Where the claimed pain is associated with arthritis, section 4.59 must also be applied. *See Lichtenfels, supra; Ferguson, supra: Martin, supra; see also EF v. Derwinski,* 1 Vet.App. 324, 326 (1991) (Board must "review all issues which are reasonably raised from a liberal reading" of "all documents or oral testimony submitted prior to the BVA decision"); *Myers v. Derwinski,* 1 Vet.App. 127, 129 (1991); *Douglas v. Derwinski,* 2 Vet.App. 435, 438–40 (1992) (en banc). Therefore, although the Board concluded that the 1988 VA examination revealed an "essentially normal" range of motion in the hips, the Board was further required to consider whether the veteran's pain due to his left-hip arthritis warranted a compensable rating under 38 C.F.R. §§ 4.40, 4.45, and 4.59.

■ *ii. TDIU Rating:* In support of his claim for a TDIU rating due to service-connected disabilities, the veteran testified under oath before the RO and the BVA that he had previously worked as a television repairman but had been unable to work since 1985 because his service-connected disabilities had rendered him unable to lift anything or to stay in any one position for any length of time. R. at 105, 160–61. He also testified before the BVA·that he had been awarded, by an administrative law judge (A.L.J.), Social Security disability benefits based on his service-connected disabilities. R. at 161.

As the Secretary has conceded in his motion, remand is necessary as to this claim. In denying a TDIU rating, the Board stated:

> We note that he has work experience as an electronics technician. His service-connected disabilities, however, affect only his left lower extremity. The disabilities are significantly disabling, as evidenced by the combined 60 percent evaluation with special monthly compensation based on loss of use of the left foot. He does, however, ambulate satisfactorily without a limp. Although he may be precluded from performing heavy manual labor or work which requires prolonged walking or standing, his disabilities of the left lower extremity are not of sufficient severity as to preclude his engaging in less strenuous employment, such as sedentary employment.

*Anderson,* BVA 90–____, at 5. In view of the significant evidence in the record regarding the veteran's pain due to his service-connected disabilities, the Board was required to consider and discuss how the veteran's pain affects his employability. *See Moyer v. Derwinski,* 2 Vet.App. 289, 294 (1992); *Hatlestad I,* 1 Vet.App. at 167; 38 C.F.R. §§ 4.40, 4.45 (1992).

■ Additionally, pursuant to 38 U.S.C.A. § 5107(a) (West 1991), once a claimant submits a well-grounded claim for benefits, the Secretary must assist that claimant in developing the facts pertinent to the claim. *See Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (a well-grounded claim is a "plausible" claim). In the present case, based on his current combined service-connected disability rating of 60% and his sworn testimony that he has been unable to work since 1985, the veteran's claim for a TDIU rating, first submitted in

November 1988, and first adjudicated by the RO in February 1989, was well grounded, and the Secretary was thus obligated to assist him in developing that claim. Thus, because the veteran's testimony put the BVA "on notice" that he might be receiving Social Security disability benefits based on his service-connected disabilities (R. at 161), the Board was required to seek to obtain all relevant Social Security records pertaining to any such award of disability benefits. *Murincsak v. Derwinski,* 2 Vet. App. 363, 369–71 (1992); *Masors,* 2 Vet. App. at 187–88. Although Social Security A.L.J. findings would not be binding on the BVA, "[a]t a minimum, . . . the decision of the A.L.J. in this case is evidence which cannot be ignored[,] and to the extent its conclusions are not accepted, reasons or bases should be given therefor." *Collier v. Derwinski,* 1 Vet.App. 413, 417 (1991); *see also Murincsak, supra; Masors, supra.* Therefore, on remand, the Board must seek to obtain such records.

The Court notes that if the Board on remand increases the veteran's service-connected arthritis disability rating and the increased rating results in a combined rating of 70% or more, the provisions of 38 C.F.R. § 4.16(a) (1992) would be applicable in adjudicating the TDIU claim; otherwise, the provisions of 38 C.F.R. § 4.16(b) will govern. *See Fisher v. Principi,* 4 Vet. App. 57, 59–60 (1993); *Fisher v. Brown,* 4 Vet.App. 405, 406–07 (1993) (order denying reconsideration) (Steinberg, J., concurring).

### B. Benefit of the Doubt

■ Pursuant to 38 U.S.C.A. § 5107(b) (West 1991), a veteran is entitled to the "benefit of the doubt" on any issue material to resolution of the claim when there is an "approximate balance of positive and negative evidence" with respect to that issue. *See Gilbert,* 1 Vet.App. at 53–56. The Court has recently held with regard to this requirement: "In a case where there is significant evidence in support of an appellant's claim, as there is here, the Board must provide a satisfactory explanation as to why the evidence was not in equipoise" so as to require application of the benefit-of-the-doubt rule. *Williams (Willie) v. Brown,* 4 Vet.App. 270, 273–74 (1993). In the present case, therefore, the Board must explain carefully its conclusions as to the applicability of the benefit-of-the-doubt rule as to each of the remanded claims.

### III. Dispute Over the Content of the Record

On November 18, 1991, the appellant filed a motion for modification of the record on appeal to include three documents which were not before the BVA at the time of its April 12, 1990, decision currently here on appeal, but which were submitted to the Board in connection with the veteran's May 7, 1990, request to the BVA Chairman for reconsideration of the April 1990 decision. By letter dated March 28, 1991, the Chairman denied that request for reconsideration. Pursuant to Rule 10(a) of this Court's Rules of Practice and Procedure, the appellant counterdesignated those three items for inclusion in the record on appeal before this Court. The Secretary did not include those three items when he transmitted the record on appeal, and he informed the appellant by letter that those items could not be included in the record because they were not part of the "record of proceedings before the Secretary and the Board" as required by 38 U.S.C.A. § 7252(b) (West 1991). *See Rogozinski v. Derwinski,* 1 Vet.App. 19 (1990). The appellant contends in his motion that because the three documents were submitted to the BVA Chairman on the veteran's motion for reconsideration they constituted part of the "record of proceedings before the Secretary and the Board" and thus are reviewable by this Court.

Because the Court holds that the numerous deficiencies in the BVA's reasons or bases preclude effective judicial review of the merits of the Board's findings of fact, the Court does not reach the appellant's argument that the three items of evidence were part of the record of proceedings before the Secretary and the Board. The Court will, therefore, deny the appellant's motion. On remand to the Board, the appellant will be free to submit to the Board

additional argument and evidence, including the three items at issue in appellant's motion for modification. *See Quarles v. Derwinski*, 3 Vet.App. 129, 141 (1992).

### IV. Conclusion

For the reasons stated in part II., above, the Court grants in part the Secretary's motion for dismissal and dismisses, for lack of jurisdiction, the veteran's appeal with respect to his sciatic-nerve claim. The Court denies the Secretary's motion for modification insofar as it seeks dismissal of the appeal with respect to the arthritis claim.

Upon consideration of the record, the appellant's brief, and the Secretary's motion for partial summary affirmance and partial summary remand, the Court summarily vacates the April 12, 1990, BVA decision with respect to the arthritis and TDIU claims and remands those claims to the Board for prompt further development, and prompt readjudication and issuance of a new decision on the basis of all evidence of record and applicable law and regulation, all consistent with this decision. *See* 38 U.S.C.A. §§ 5107(b), 7104(a), (d)(1) (West 1991); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). Accordingly, the Secretary's motion for summary remand of the TDIU claim is granted and his motion for summary affirmance of the left-hip-arthritis claim is denied. The appellant's motion for modification of the record on appeal is denied.

VACATED AND REMANDED.